No. 3136.—J. C. VAN WICKLE, Executor *v.* MARY CALVIN.

A testamentary executor can not sue for the nullity of a sale of real property, made by the testator, on the ground that the sale is fraudulent and simulated and made for the purpose of defrauding the creditors of the deceased. The testamentary executor only stands in the place of, and represents, the testator; he can, therefore, bring no action; nor stand in judgment in any case where the testator, if alive, could not.

APPEAL from the Seventh District Court, Parish of Pointe Coupée. *Miller*, J. *Thomas H. Hewes*, for plaintiff and appellant. *W. D. Winter*, for defendant and appellee.

HOWELL, J. The question in this case is whether or not a testamentary executor can sue to set aside, as simulated and fraudulent, an act of sale of real property made by the testator and have the property declared to belong to the succession upon the allegations that said sale was made to hinder and delay the creditors, the executor being one individually; that there are debts amounting to many thousand dollars, and that, although the deceased held a lucrative office, he, the executor, has been unable to find any money or obtain possession of any property whatever, except a small quantity of movables inventoried at about $300.

We are of opinion that this question, as presented in this case, must be decided in the negative.

The plaintiff does not claim to act for, and in the name of, the creditors, but simply as executor of the last will and testament of the deceased, and without alleging that by the will he is vested with seizure of the property of the estate. In such capacity he can be considered only as standing in the place of the testator, and can only bring such actions as the latter could himself bring, and it is clear that the testator, if alive, could not maintain this action. The sale attacked is just as much the act of the deceased as the will through which the plaintiff desires his appointment and authority.

We conclude that the district judge did not err in maintaining defendant's exception.

Judgment affirmed.