The opinion of the court was delivered by
Breaux, J.
The plaintiffs sue to execute a judgment rendered in favor of D. R. Oarroll, against the defendant Oastleman, during the existence of the community, with his wife, who died some time prior to the death of D. R. Oarroll, her husband.
The latter had qualified as administrator of his wife’s succession in Division “A” of the Oivil District Oourt. There was a judgment putting her heirs in possession of the property.
Subsequently, with the consent of all parties concerned, this judgment was annulled, and the succession declared open.
Nearly all the property on the inventory of the succession of D. R. Oarroll had been previously described in the inventory of the succession of his wife.
The succession of D. R. Oarroll was opened in Division “E,” and •his executors qualified.
They subsequently petitioned the court in which the succession of Mrs. Oarroll had been opened to transfer the proceedings in her succession, and consolidate them with the proceedings of the husband’s succession.
The order prayed for was granted by the judge of Division “A.”
No action was taken in regard to the consolidation (applied for by the executors) by the judge of Division “E.”
With reference to the judgment the plaintiffs seek to execute, they allege that the heirs of Mrs. Oarroll have accepted the succession with benefit.of inventory; that the judgment was in his possession and under his administration at the date of his death, and that, as his executors, they are the holders and owners of the judgment, duly and timely recorded. They urge that defendant’s wife, who is one of the heirs of Mr. and Mrs. D. R. Oarroll, never bought *1366 the interest of the former (D. R. Carroll) in the judgment, but that if he parted with his interest he sold it to the husband, Thos. W. Castle-man, and that to the extent of the interest (sold on the face of the papers) the judgment was paid.
That the judgment operates a judicial mortgage on the property of the debtor, who, it is alleged, is insolvent, and that property in the name of Mrs. Castleman was really the property of her husband, and subject to their judicial mortgage.
The defendants interposed an exception to plaintiffs’ petition upon a number of grounds. The first is that the executors are without authority to stand in judgment. That the late D. R. Carroll had parted with his interest in the judgment.
The facts are, as disclosed by the record, the late D. R. Carroll sold all his interest, as alleged, in the judgment to his daughter, Mrs. Castleman.
That subsequently the court recognized the transfer and decreed that she was subrogated to her father’s interest in the judgment against her husband.
The plaintiffs caused a writ of ft. fa. to issue on the judgment thus transferred.
The second ground of exception is that the property has passed out of the succession of D'. R. Carroll, and that it is in the possession of the heirs, the latter having filed proceedings for a partition of the property of the estate.
The admitted facts upon this point are, that there is a suit pending for a partition of the property of the two successions; that it was filed several months prior to the present proceeding, and that no order has been rendered, save one authorizing the sale of real estate.
The ground is that the judgment in question is not in the possession of plaintiffs, and that Mrs. Castleman, owner, of the interest of the late D. R. Carroll, has sued for a partition of the judgment.
The facts are that plaintiff’s suit was brought in January, and that this action for a partition of the judgment was instituted some time after.
It is also admitted that the successions are solvent, and that the succession of Mrs. Carroll owes no debts.
Finally it is excepted that the persons claiming interest are not before the court, and finally, that plaintiffs having caused a writ of *1367 fieri facias to issue in the proceedings which recognized Mrs. Castle-man as transferee, plaintiffs are estopped from claiming that she is not the transferee.
The first question for‘decision- is whether the executors of a will can maintain an action to annul a sale in so far as relates to the one the vendor declared, in the deed, was his vendee, i. e., that the transfer, alleged by the defendant, to the daughter was in reality a payment by the son-in-law, the judgment debtor.
There are no creditors and no absent heirs, nor is there any issue regarding the disposable portion.
The executors are, therefore, entrusted with the duty of executing the will of the testator. Upon the face of the papers, the interest of the judgment creditor had passed to his vendee some time prior to his death. In so far as relates to that interest it is not incumbent upon the executors, in the presence of the heirs of age, to institute an action to set aside the sale or change its terms and conditions.
If the prayer of plaintiff’s petition were granted, it would not have the effect of restoring the interest of the late D. E. Carroll to his succession.
If any advantage is to be gained by changing the character of the act in question from a transfer of the judgment to Mrs. Castleman to a transfer to Thomas W. Castleman, it is not made manifest by the petition.
In so far as relates to the executors, there is a negative to any possible' advantage to the succession, from the fact that they caused a fi. fa. to issue from the judgment, after the recognition by an order of court of the transfer of the interest of D. E. Carroll.
In Woodward vs. Thomas et al., 38 An. 238, 243, the jurisprudence upon this point was reviewed. The court said: “This implies the right and duty to recover the property, as much as to collect the debts of the succession. Otherwise he can not settle its affairs and ascertain the surplus. It is not for him, it is true, to assail the validity of acts done by the decedent, unless necessary for the protection of creditors, and if he have already settled all the debts and charges of the succession, it is improper for him to institute new actions, because the objects of his agency have been fulfilled, and he should give way to the heirs, who are the only persons interested, and may assert their own rights.”
*1368 Under the circumstances of this case, we think the executors had no right to stand in judgment, and that to the extent of the interest of D. R. Oarroll the suit was properly dismissed.
4 This brings us to a consideration of the interest in the judgment which the late Mr. Oarroll' did not transfer, i. e., the interest in the community to which these heirs have a right by inheritance from their mother, Mrs. D. R. Oarroll.
This interest in the judgment must remain, under the law, in the succession, until the heirs have accepted and have possession of the assets.
It was in the possession of D. R. Oarroll, administrator, at the time of his death, and the executors, with seizin, have succeeded to his possession.
Great stress is laid by the defendants upon the fact that one of the heirs sues for a partition, and that the heirs have answered, and do not particularly object to a partition. There are heirs who have filed no answers; others who consent conditionally to a partition, and deny that the plaintiffs who sue for a partition have possession.
The fact remains that no application was made for a partition of the judgment in controversy, prior to the institution of plaintiffs’ suit.
There was a suit brought for a partition of that judgment, entered subsequent. It was clearly irrelevant and inadmissible. Moreover, it could not bind the defendants in partition who have filed no appearance.
The executors not having been discharged, and being in possession of the judgment, it is their duty to enforce the collection of the judgment.
Even regarding promissory notes this court held, in Holliday vs. Holliday et al., 38 An. 175, 176, that the executor should collect them, and rejected a demand for a partition in kind or by sale.
In Rochereau vs. Maignan, 32 An. 45, it was held that where several heirs of a succession were owners in indivisión of a judgment, partition by sale will not be ordered on the application of one of the owners, opposed by the others, when no effort has been made to execute the judgment.
Here an effort is being made to execute the judgment for the purpose of dividing the amount which may be collected, a more expeditious and less expensive method of settling the succession in so far as relates to this judgment.
*1369 Not long since this court said: “Not only is it entirely proper and right that the succession of the husband should embrace that of his deceased partner in community, but two distinct and separate administrations are unnecessary and would occasion increased expense and litigación.?’ Succession of Lamm, 40 An. 315.
That authority is particularly applicable here. It is true that the survivor in community had parted with his interest. But he could not transfer the remainder due on the judgment to which the heirs had a right by inheritance. It remained none the less in his possession and subsequently in that of his executors.
“II va sans dire que le mari peut pas renoncer a la communauté. C’est lui qui administre et qui contráete les dettes dont la communauté se trouve chargée; concoit-on qu’il s’aifranchisse du lien obligations qu’il a eonsenties en repudiant ce qu’il a fait lui-meme? On comprend que la femme est etrangere aux dettes du mari, tandis que le mari en est le debiteur personnel.” Laurent, Vol. 22, p. 382.
The husband being indebted (le debiteur personnel), in so far as relates to this community, a fortiori it was proper for the executor to collect the remainder due on a judgment in possession of the succession in order to turn it over to the heirs to be divided.
The husband, debtor of the remaining interest in the community, might have taken conservatory steps in matter of the judgment.
The executors who were in possession were also authorized to take such steps. The opposition of one of the heirs to the collection of the judgment is not sustained when considered in light of authority.
It is ordered, adjudged and decreed that the judgment appealed from be maintained as to the interest of D. It. Oarroll in the judgment obtained by him against Thomas W. Oastleman, and the action is dismissed as to that interest.
It is ordered and decreed that the judgment is annulled, avoided and reversed in so far as it dismissed plaintiff’s action to recover that part of the judgment not transferred by D. R. Oarroll to Mrs. Thomas W. Oastleman, and that executors have authority to continue the proceeding for the collection of the interest last mentioned.
The case is remanded for trial contradictorily between plaintiffs and defendants as relates to the interest in the judgment in question not transferred by D. R. Oarroll.
As amended the judgment is affirmed at appellee’s costs.
Nicholls, C. J., absent.