THOMPSON, J.
Mrs. Anna Mary Stahl, widow of John Untereiner, died in this city April 28, 1914, leaving five children issue of her marriage with her deceased husband, and two grandchildren, issue of a predeceased son. She left a last will and testament in nuncupative form by public act. A bequest in the will is the subject of this controversy and is as follows:
“I give and bequeath to my daughters, Mrs. Mary Yochum and Mrs. Cecelia Schroeder, one-third of my estate as an extra portion over that part of my estate which the law reserves to them, the balance of my estate I give to all of my ehildrea and the children of my deceased son in equal portion.”
The will named one of the heirs, George J. Untereiner, as executor with seizin and without bond. The appointment of the executor was confirmed by the court, and the will was duly probated and ordered registered and executed.
The executor, being in doubt as to the proper interpretation to be placed on the bequest in the will above quoted, took a rule on the two grandchildren of the deceased to show cause why the residue of the estate after the payment of all debts should not be distributed among the legatees in the following proportions: Mrs. Cecelia D. Sehroeder, io/8 e; Mrs. Mary Yochum, io/36; George J. Untereiner, V36; Charles P. Untereiner, V3 e; Peter J. Untereiner, 4/30; and Rupert and Ruth Untereiner, 2/3 <¡ each. None of the heirs were made parties to this rule except the two grandchildren of the deceased. On a trial the rule was dismissed, and judgment was rendered recognizing the two grandchildren, Ruth and Rupert Untereiner, as being entitled under the terms of the will to receive one-seventh of two-thirds each of the entire estate. This judgment was rendered on June 16,1916. Thereafter the heirs who were not parties to the prior proceedings brought the present action against the executor and the two grandchildren of the testator to have the legacy to the said Ruth and Rupert Untereiner reduced and restricted to that portion of the estate which the law reserves to them. The executor answered admitting all the facts set out in the petition, and averred that he was only carrying out the will as interpreted by the judgment previously rendered. The other two defendants (the two grandchildren) answered, that under the terms of the will they were entitled to receive one-seventh of two-thirds each, which interest had been recognized by judgment of the court, and they pleaded said judgment as res adjudicata in bar of plaintiff’s suit. The plea was sustained, and judgment was rendered rejecting the plaintiffs’ demand. The executor and all of the heirs except Ruth and Rupert Untereiner have appealed.
Opinion.
[1, 2] The validity of the will in question is not attacked. Nor do we think the language of the bequest at issue ambiguous. The testatrix left five children and two grandchildren, and, in providing that the balance of her estate (one-third having been disposed of) should be divided between her children and' grandchildren in equal portions. *807 she obviously intended that tbe grandchildren should each receive an equal portion, or that they each should share and share alike with her children; in other words, that each of the children and grandchildren should receive one-seventh of the residue of the estate after deducting the one-third given to the two daughters. We hardly think the language susceptible of any other interpretation. A bequest to seven persons in equal proportion can .only mean that they are to receive share and share 'alike. But this is of no importance in this case, since the legacy cannot be enforced in favor of the grandchildren to the full amount claimed, against the demand for a reduction on the part of the other heirs. The testatrix, in giving one-third of her estate to her two daughters as an advance portion over and above that reserved to them by law, exhausted her right and power to dispose of the balance of her estate except in the manner and to the extent as provided by law. Having six children, the law fixed the disposable portion at one-third, and, as that amount had been given to the two daughters as an advance portion, the testatrix could only give to the two grandchildren the portion that would have been inherited by their father, if he had been living at the time the will became effective— that is to say, one-sixth of two-thirds.
[3, 4] The plea of res adjudicata is not well founded and should have been overruled. The judgment rendered on June 16,1916, was not based on the same cause of action as that presented in this ease. The question of reduction of the legacy was not an issue. Nor were the parties the same. The present plaintiffs were not parties to that suit, and the executor was without authority or capacity to represent the heirs on the question of the reduction of the legacy. Ball et al. v. Executors, 40 La. Ann. 284, 3 South. 644; Ball v. Ball, 7 South. 567, 42 La. Ann. 205. In order for a judgment to have the force of the thing adjudged, the thing demanded must be the same, the demand must be founded on the same cause of action, and the action must be formed between the same parties. Civil Code, art. 2286. The judgment appealed from is erroneous and must be reversed.
It is therefore ordered and decreed that the judgment apxxealed from be annulled and set aside, and that there now be judgment in favor of the plaintiffs and against the defendants reducing and restricting the legacy bequeathed to Ruth and Rupert Untereiner in the last will and testament of Mrs. Anna Mary Stahl Untereiner' to one-eighteenth-each in the property of the said succession, and that the defendants pay the costs -of both courts.