BLANDIN ET AL. v. CROZAT

---

(March 2, 1931. Opinion and Decree.)
(March 23, 1931. Rehearing Refused.)
(April 27, 1931. Writs of Certiorari and
Review Refused by Supreme Court.)

---

Henry J. Rhodes and J. A. Morales, of New Orleans, attorneys for plaintiffs, appellants.

Philip R. Livaudais and William Boizelle, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. This is a petitory action in which plaintiffs claim title to lot No. 18 of square 110 in the second district of this city, measuring 31 feet, 9 inches and 6 lines front on Governor Nicholls by a depth of 120 feet, bearing municipal numbers 1131-33 Governor Nichols street. The petition alleged that Celestine, Emile and Joseph Blandin are the sole heirs of Joseph Montegut and Felicie Montegut, wife of Joseph Blandin, who were the sole testamentary heirs of the late Phillip Ross, who originally owned the property, and that they inherited the property in question through these parties.

The defendant filed a plea of prescription of 10 years, averring that she acquired the property by authentic act before Felix F. Dreyfous on May 10, 1909, recorded C. O. B. 225, folio 193, and that she remained in continuous, peaceable, public and unequivocal possession as owner in good faith under a deed translative of title.

Defendant also filed a plea of estoppel alleging that Felicie Montegut, wife of Joseph Blandin, and Joseph Montegut,

plaintiffs' authors in title, had instituted proceedings in the civil district court against La Societe Catholique D'Education Religieuse et Litteraire, a universal legatee, No. 51,578 of the docket, to recover the proceeds of the sale of the property in question after the said property had been sold in the Succession of Mrs. Adele Alzar Faure, No. 26,424 of the civil district court, through the executor by order of the court on April 1, 1889, to defendant's author in title.

Defendant further interposed the plea of res adjudicata on the ground that the plaintiffs' authors in title, Joseph Montegut and Felicie Montegut, wife of Joseph Blandin, had instituted a petitory suit against Nicholas Carbajal et al. (defendant's author in title), No. 62,478 of the docket of the civil district court and that judgment had been rendered adverse to the plaintiffs therein and that since no appeal from that judgment had been taken plaintiffs are estopped from setting up the claim to the title of the property in dispute.

Defendant further pleaded res adjudicata and estoppel alleging that the question of the title to the property had been fully heard and adjudged adverse to plaintiffs' authors in title and in favor of defendant's author in title in the proceeding entitled Madame Felix Montegut v. Paul A. Bacas, Executor, No. 10,457 of the Supreme Court of Louisiana, reported in the 42nd La. Ann. page 158, 7 So. 449, and that the decree in the said case has the force and authority of the thing adjudged and that plaintiffs' authors in title were found to have no title to the property in question and, therefore, plaintiffs are estopped from setting up their present claim.

The judge a quo sustained all of these pleas and dismissed plaintiffs' suit and they have appealed.

From the record we gather that the defendant has been in continuous, uninterrupted, peaceable, public and unequivocal possession of the property in question in good faith under a deed translative of title, since May 10, 1909, the present suit only having been filed as of June 17, 1929. We are, therefore, of the opinion that the plea of prescription of ten years is good. C. C. art. 3478 and following articles.

We further find that plaintiffs' authors in title ratified and confirmed the public sale of the property in the Succession of Mrs. Adele Alzar Faure, No. 26,424 of the civil district court, by instituting a suit against La Societe Catholique D'Education Religieuse et Litteraire, a universal legatee, for the proceeds of the sale of the property. Hence, plaintiffs are estopped from now attacking that sale.

It is also our opinion that as Joseph Montegut and Felicie Montegut Blandin filed a petitory suit against Nicholas Carbajal et al., No. 62,478 of the docket of the civil district court, and judgment was rendered against the plaintiffs therein and they failed to appeal from that judgment, the matter became res adjudicata and plaintiffs are now estopped to assert title to the same property that the court held that their authors in title were not the lawful owners of.

For the reasons herein assigned the judgment appealed from is affirmed.