176 So.2d 399 (1965)
247 La. 1121
Joseph Edmond QUINETTE, Jr., et al.
v.
Harold J. DELHOMMER and Louisiana Power & Light Company.
Nos. 47458, 47460.
Supreme Court of Louisiana.
June 7, 1965.
Rehearings Denied July 2, 1965.
*401 Kepper, Moulin & Kepper, Stewart J. Kepper, John M. Currier, James J. Morrison, New Orleans, for plaintiffs-applicants.
Monroe & Lemann, Melvin I. Schwartzman, Andrew P. Carter, Eugene G. Taggart, James D. Johnson, Jr., New Orleans, for appellee-respondent.
SANDERS, Justice.
We review a judgment of the Court of Appeal maintaining an exception of res judicata as to plaintiffs' suit against the defendant, Harold J. Delhommer, and exceptions of no cause and no right of action as to their suit against the co-defendant, Louisiana Power & Light Company. The case raises important questions concerning the doctrine of res judicata in Louisiana.
Drawn largely from the opinions of the Court of Appeal, the history of this protracted litigation is related as follows: On November 29, 1940, Joseph Edmond Quinette, Sr. conveyed to Harold J. Delhommer, his son-in-law, 120 acres of land, with improvements, located in Jefferson Parish. The act of sale recited a cash consideration of $11,800.00, receipt of which Quinette acknowledged. It also recited Quinette had acquired the property by inheritance. On the day the instrument was signed, it was filed in the Office of the Clerk and Recorder of Jefferson Parish and duly registered in the Conveyance Records.
On October 27, 1951, Delhommer sold the property to Louisiana Power & Light Company for $65,845.00. In the recorded act of sale, Delhommer reserved all mineral rights. The act also contained the following agreement:
"IT IS UNDERSTOOD AND AGREED by and between the parties *402 hereto that the purchaser, Louisiana Power & Light Company, is to allow Mr. and Mrs. J. E. Quinette, Sr., to remain in the house fronting on the River Highway, on grounds measuring approximately two hundred feet (200') front on River Highway, starting from the line of the property of the Louisiana Power & Light Company, by a depth of approximately four hundred feet (400'), unmolested and undisturbed, rent free, until the death of either Mr. or Mrs. J. E. Quinette, Sr., and for a period of three (3) months thereafter.
"IT IS FURTHER UNDERSTOOD AND AGREED that in the event Mr. and Mrs. J. E. Quinette, Sr., voluntarily move out of the house fronting on the River Highway aforesaid, prior to the death of either one, the right granted to the said Mr. and Mrs. J. E. Quinette, Sr., to remain in said house until the death of either one of them shall immediately cease, and they shall not have the right to reoccupy said property.
"IT IS FURTHER UNDERSTOOD AND AGREED that the right granted to Mr. and Mrs. J. E. Quinette, Sr., to occupy said property is a personal right and shall not be assigned or transferred to any other person or persons."
On May 27, 1952, Joseph Edmond Quinette, Sr., instituted suit against Delhommer to annul the act of sale on multiple grounds: fraud, simulation, donation omnium bonorum, and lesion beyond moiety. Incident to suit, plaintiff propounded interrogatories on facts and articles to the defendant.
Joseph Edmond Quinette died on June 5, 1953. His succession was opened, and letters testamentary were issued to his widow, Lillian Barbara Collins Quinette. On September 1, 1953, the testamentary executrix filed a motion to be made a party to the proceedings in that capacity and to be authorized to prosecute the suit "in the same manner as the deceased himself could or might have done." The trial judge signed an ex parte order granting the motion on September 1, 1953.
On September 27, 1953, Delhommer excepted to the appearance of the testamentary executrix as substituted party plaintiff, upon the following grounds:
"1) The Testamentary Executrix is without right or capacity to prosecute and to stand in judgment in a suit of this character, which has been held by this Court to be an action in rem and not in personam, and such a suit must be prosecuted by the heirs or legatees of the decedent
"2) The heirs or legatees of the decedent are indispensable parties plaintiff in a suit of this character, which has been held by this Court to be an action in rem and not in personam, and hence the motion and order of September 1, 1953, are legally insufficient for authorizing the Testamentary Executrix to proceed further in this suit without the joinder of said heirs or legatees as indispensable parties plaintiff.
"3) Even if the Testamentary Executrix be a proper party plaintiff herein, the heirs or legatees of the decedent are indispensable parties plaintiff herein, and there is hence a non-joinder of indispensable parties herein.
"4) As appears from the probate proceedings entitled `Succession of Joseph Edmond Quinette', * * * and particularly from the last will and testament of decedent therein, the heirs or legatees of the decedent, whose status as indispensable parties herein and whose non-joinder are specially pleaded by this exception, are his five children, subject to a usufructuary bequest in favor of his surviving wife."
*403 After considering briefs, the trial judge overruled the exception filed by defendant and ordered him to answer.
After trial, the district court rendered judgment in favor of defendant Delhommer. As to lesion beyond moiety, it sustained a plea of prescription of four years under Article 1876, LSA-C.C. As to all other demands, it sustained the prescription of ten years under Article 2221, LSA-C.C.
The plaintiff filed a motion for rehearing. On June 29, 1961, six years later, the Court overruled the motion.
Plaintiff appealed. The Court of Appeal affirmed the judgment of the district court. 146 So.2d 491. Like the district court, the Court of Appeal held that the four-year prescription of Article 1876, LSA-C.C. barred the plaintiff's demand in lesion beyond moiety. Pretermitting the plea of ten-year prescription under Article 2221, interposed to the demands based on fraud, simulation, and donation omnium bonorum, the Court of Appeal held these demands had not been proved. Specifically, the Court found that defendant Delhommer had advanced Quinette at least $500 and transferred to him a used automobile. Based on this finding, it characterized the transaction as a dation en paiement, rather than as a simulation or a donation omnium bonorum.
After the Court of Appeal denied a rehearing, the plaintiff applied to this Court for a writ of certiorari, or review. We denied the application on March 12, 1963, stating "The result of the Court of Appeal is correct." 244 La. 113, 150 So.2d 583; 244 La. 147, 150 So.2d 768.
On May 19, 1958, while the first suit was pending in the district court on the motion for rehearing, Joseph Edmond Quinette, Jr., Mrs. Lillian H. Quinette Smith, and Mrs. Lillian Barbara Collins Quinette, two children and the widow of Joseph Edmond Quinette, Sr., filed the present suit. In this suit, plaintiffs named as defendants both Delhommer and his vendee, Louisiana Power & Light Company.
This petition sought to annul the act of sale on the grounds of fraud, simulation, donation omnium bonorum, and lesion beyond moiety. On June 17, 1958, defendant Delhommer filed exceptions of vagueness, lis pendens, res judicata, misjoinder of parties plaintiff, lack of capacity of Mrs. Lillian Barbara Collins Quinette, no cause of action, and no right of action.
No further action was taken in this case until May 15, 1963, after judgment in the first suit had become final. On that date, Delhommer filed supplemental exceptions of res judicata, estoppel, and laches based upon the final judgment in the first suit; and Louisiana Power & Light Company filed exceptions of vagueness, misjoinder of parties plaintiff, non-joinder of parties plaintiff, no cause of action, no right of action, res judicata, estoppel, and laches.
On June 11, 1963, Louisiana Power & Light Company filed pleas of prescription of four and ten years.
The district court sustained the plea of res judicata filed by Delhommer. It maintained the exceptions of no cause and no right of action filed by Louisiana Power & Light Company.
On appeal, the Court of Appeal affirmed. See 165 So.2d 900. On application of plaintiffs, we granted certiorari to review the judgment of the Court of Appeal. 246 La. 865, 167 So.2d 676.
In upholding the exception of res judicata, the Court of Appeal stated:
"The present plaintiffs were in effect parties to the suit commenced by Quinette. Said suit, which their mother prosecuted after Quinette's death as his testamentary executrix, was instituted and finally adjudicated before the advent of LSA-C.C.P. art. 685, which now gives the succession representative appointed by a court the authority to sue to enforce a real right *404 of the deceased or of his succession while under administration. * * * Her entry as the testamentary executrix into the first suit took place even before the defendant had filed answer thereto. She acted on behalf of the heirs and legatees and also for the benefit of the succession, her purpose being to bring the property back into decedent's estate in the interest of all parties concerned, and that is exactly what the instant plaintiffs are endeavoring to accomplish. While the two Quinette children who appear herein as plaintiffs were not named as parties in the former action, they took a prominent part therein by appearing as witnesses for the testamentary executrix. They even gave parol testimony with reference to the bona fides of the transaction between Quinette and Delhommer. Under these circumstances, we do not deem it necessary to make a decision whether an executor alone under the law as it then stood had a right to prosecute a real action on behalf of the succession.
"The legatees could just as well have joined their mother by intervening in the suit and availing themselves of every advantage under the law, including the right to prove simulation by parol testimony under LSA-C.C. art. 2239, but they were content not to become parties and to allow the testamentary executrix to prosecute the suit. We think under these circumstances the conduct of the children in the first suit ratified the actions of the testamentary executrix in her attempt to have the sale set aside so that the property could be administered in the succession. We do not believe a party who has failed to assert and litigate a claim or cause of action in a suit in which he might have done so with propriety should be permitted to litigate it in a second suit unless his failure to do so in the first suit was caused by the fraud of his adversary and not by his own negligence.
"* * * The plaintiffs being estopped from attacking Delhommer's title by virtue of the operation of the doctrine of res judicata, a fortiori they are without right or cause of action to assail the title of Delhommer's vendee, Louisiana Power & Light Company."
We do not agree with this holding.
Article 2286 of the Louisiana Civil Code provides:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
The code article requires three identities to support res judicata: parties and their qualities, demands, and causes of action.[1]
In State v. American Sugar Refining Co., 108 La. 603, 32 So. 965, this Court stated:
"The law of res judicata is stated with great simplicity and precision by article 2286, Civ.Code, * * * This formula was borrowed by our Code from the Code Napoleon (article 1351); by the Code Napoleon from Pothier, Obligations, No. 889; and by Pothier from the Roman jurisconsults. It brings out with great distinctness the salient feature of the law of res *405 judicata, namely, the identity that must exist as to thing demanded, cause of action, and persons in the two suits."
Under the civil law doctrine, the ayants cause, or successors, of the parties of record are considered parties to the demand when they acquire title after the institution of the original suit in which judgment is rendered.[2]
As early as 1848, in Delabigarre v. Second Municipality of New Orleans, 3 La. Ann. 230, this Court said:
"Another essential condition to maintain the exception of the thing adjudged is that, the parties be the same in both suits. Successors to, or ayan[t]s cause of, the parties in the original suit are considered in law as having been parties themselves, provided always that they have acquired their title after the institution of the suit in which the original judgment was rendered."
In Hargrave v. Mouton, 109 La. 533, 33 So. 590, the Court again stated:
"Successors to, or ayan[t]s-cause of, the parties in the original suit are considered in law as having been parties themselves where their titles have been acquired since the institution of the action in which the original judgment was rendered."
As explained by Pothier, the successors are considered "as the parties themselves." 1 Pothier On Obligations (3rd ed. 1853, Translation by William David Evans), Article V [53], p. 588.
The doctrine of res judicata is stricti juris, and any doubt as to the concurrence of the identities must be resolved in favor of maintaining the action.[3]
Plaintiffs, Joseph Edmond Quinette, Jr. and Mrs. Lillian H. Quinette Smith, are children and forced heirs of Joseph Edmond Quinette, Sr. Their father instituted the original suit. Upon his death, the testamentary executrix, Mrs. Lillian Barbara Collins Quinette, was substituted as party plaintiff.
The defendants contend, however, that substitution of the testamentary executrix in the original suit actually converted the litigation into a suit by the children. They point out that the two children who are now plaintiffs testified at the trial. This argument, in our opinion, is unsound. The court substituted the testamentary executrix as plaintiff with the following order:
"IT IS ORDERED BY THE COURT that MRS. LILLIAN B. COLLINS, widow of JOSEPH EDMOND QUINETTE, in her said capacity as testamentary executrix of the plaintiff herein, be and she is, in her said capacity, hereby made a party plaintiff to this suit and authorized to prosecute this action in the same manner as the said deceased plaintiff himself could have done."
The court specifically overruled the exception filed by the defendant wherein he sought to make the children parties. In ruling upon the exception of res judicata, this Court must now accept the order of substitution and the ruling of the court as to parties in the former suit. Neither under the *406 order nor under the law could the testamentary executrix assert the personal rights of the forced heirs granted by Article 2239, LSA-C.C. as to simulation, the heirs' primary cause of action in the present suit.[4]
The defendants also assert that plaintiffs are ayants cause, or successors, of their deceased father and husband. Hence, they reason that, under the civil law doctrine of res judicata, they were parties to the original suit within the intendment of the law.
As we have noted, the primary cause of action asserted in the present petition is one to declare a simulation under Article 2239 of the Louisiana Civil Code.[5] That article provides:
"Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate [legitime]."
This article confers upon forced heirs the right to annul "absolutely and by parol evidence" the simulated contracts of those from whom they inherit. When exercising the right granted under this article, the law views the forced heirs as "third persons" with respect to the jurisdical acts of their ancestor.[6] The ancestor may not, by either contractual or judicial means, estop or bar post-mortem action of the forced heirs under this article.[7]
Advancing the principle of universal succession, the defendants assert that the legal personality of the ancestor continues in the heirs and, as a consequence, the heirs are bound by his warranties and obligations. They rely upon Boyet v. Perryman, 240 La. 339, 123 So.2d 79 and Louisiana Canal Co. v. Leger, 237 La. 936, 112 So.2d 667. Neither of these cases involved an action in simulation. We accept the general principle advanced by defendants. See Articles 942, 943, and 945, LSA-C.C. Article 2239, however, has created an exception to the rule for forced heirs attacking the simulated contracts of those from whom they inherit. When prosecuting such an action, forced heirs do not stand in the shoes of their ancestor. Spiers v. Davidson, 233 La. 239, 96 So.2d 502.
We conclude, then, that the forced heirs, Joseph Edmond Quinette, Jr. and Mrs. Lillian H. Quinette Smith, are not ayants cause, or successors, of their father as to the action in simulation under Article 2239 of the Civil Code. The exception of res judicata must be overruled as to them.
The remaining plaintiff, Mrs. Lillian Barbara Collins Quinette, is not a forced heir of her husband. She is a legatee of the usufruct of all his property under his probated will. Unlike the forced heirs, she occupies no preferred position in attacking alleged simulations of the deceased. *407 The law does not grant her a third-person status.[8] Her only rights are those transmitted to her from the deceased. She is an ayant cause, or successor, of the deceased. Hence, under the jurisprudence previously cited, she was a party to his original demand within the intendment of Article 2286 of the Louisiana Civil Code. The identities of parties, demands, and causes of action concur. The exception of res judicata must be sustained as to her suit against Delhommer.
Remaining for consideration are Louisiana Power & Light Company's exceptions of no cause and no right of action aimed at plaintiffs' petition. The Court of Appeal sustained the exceptions on the ground that since res judicata barred the plaintiffs from attacking the vendor's title, they were also "without right or cause of action" to assail the title of the vendee, Louisiana Power & Light Company. This ground is still valid as to Mrs. Quinette. Because of our rejection of res judicata as to the forced heirs, however, it has no application to their suit.
The Louisiana Power & Light Company advances in this Court, as it did in the Court of Appeal, an additional ground for the exceptions of no cause and no right of action: that it is a third party who acquired title upon the faith of the public records. It relies upon the statutes[9] and the decisions applying the public records doctrine, including McDuffie v. Walker, 125 La. 152, 51 So. 100 and Chachere v. Superior Oil Company, 192 La. 193, 187 So. 321.
The record discloses that Louisiana Power & Light Company based its exceptions of no cause and no right of action solely on the ground that the previous judgment barred plaintiffs from attacking the vendor's title. We are, of course, aware that this Court may notice the absence of a cause or right of action on its own motion. LSA-C.C.P. Art. 927.
We have examined plaintiffs' petition in this suit. Certified copies of neither of the two conveyances in controversy were made part of and annexed to the petition. The petition alleges that Louisiana Power & Light Company was not a purchaser on the faith of the public records. We conclude that the petition, to which the exceptions are directed, does not, on its face, disclose the absence of a cause or right of action. Hence, the exceptions of no cause and no right of action must be rejected as to the petition of Joseph Edmond Quinette, Jr. and Mrs. Lillian H. Quinette Smith.
In the record are several additional exceptions filed by defendants. The district court has not ruled upon them. We do not consider them here. See Durmeyer v. Streiffer, 215 La. 585, 41 So.2d 226 and State ex rel. Jones, Governor, v. Edwards, 203 La. 1039, 14 So.2d 829.
For the reasons assigned, the judgment of the Court of Appeal, affirming the judgment of the district court, is reversed in part and affirmed in part.
As to the plaintiff, Mrs. Lillian Barbara Collins Quinette, the judgment is affirmed.
As to the plaintiffs, Joseph Edmond Quinette, Jr. and Mrs. Lillian H. Quinette Smith, the judgment is reversed; the exceptions of res judicata, no cause of action, and no right of action are overruled; and the case is remanded to the district court for further proceedings according to law.
All costs of the appeal are assessed in equal proportions against Mrs. Lillian Barbara Collins Quinette, Harold J. Delhommer, and Louisiana Power & Light Company. The assessment of all other costs is to await the final disposition of the case.
NOTES
[1] See Williams v. Marionneaux, 240 La. 713, 124 So.2d 919; Tucker v. New Orleans Launderies, Inc., 238 La. 207, 114 So.2d 866; Quarles v. Lewis, 226 La. 76, 75 So.2d 14; Durmeyer v. Streiffer, 215 La. 585, 41 So.2d 226; and Hope v. Madison, 194 La. 337, 193 So. 666. Certain exceptions to the strict identity of causes of action, not pertinent here, have been carefully noted in Quarles v. Lewis, 226 La. 76, 75 So.2d 14.
[2] Roach v. Craig, 124 La. 684, 50 So. 652; Succession of Theriot, 120 La. 386, 45 So. 286; Hargrave v. Mouton, 109 La. 533, 33 So. 590; Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805; Sharkey v. Bankston, 30 La.Ann. 891; Delabigarre v. Second Municipality of New Orleans, 3 La.Ann. 230; Givens v. Arcadia Cotton Oil Mill & Mfg. Co., La. App., 160 So. 845; Blandin v. Crozat, La.App., 132 So. 802; 1 Pothier On Obligations (3rd ed. 1853, Translation by William David Evans) Article V [53], p. 588; 2 Planiol, Treatise on The Civil Law (An English Translation by the Louisiana State Law Institute) No. 54A (4) (1959). See also Roussel v. Railways Realty Company, 137 La. 616, 69 So. 27.
[3] Hope v. Madison, 194 La. 337, 193 So. 666.
[4] See Weydert v. Anderson, 157 La. 557, 102 So. 676; Succession of Untereiner, 151 La. 804, 92 So. 343; Executors of Carroll v. Castleman, 47 La.Ann. 1364, 17 So. 862; Van Wickle v. Calvin, 23 La.Ann. 205; and 1 McMahon Louisiana Practice p. 169 (1939).
[5] In this Court, apparently for the first time, the plaintiffs suggest that the forced heirs are also attacking the conveyance to the son-in-law as a donation in disguise under Article 2444, LSA-C.C., which refers to "sales of immovable property made by parents to their children." We find it unnecessary to consider this contention in disposing of the exception of res judicata.
[6] Spiers v. Davidson, 233 La. 239, 96 So. 2d 502; Succession of Delaune, La.App., 138 So.2d 41; Camus v. Camus, La.App., 91 So.2d 120; Miller v. Arnold, La.App., 81 So.2d 181.
[7] See Spiers v. Davidson, 233 La. 239, 96 So.2d 502; Succession of Provost, 190 La. 30, 181 So. 802; Bauman v. Pennywell, 160 La. 555, 107 So. 425;17 Tulane Law Review 457, 472.
[8] LSA-C.C. Art. 2239; Succession of Block, 137 La. 302, 68 So. 618; 17 Tulane Law Review 457, 473.
[9] LSA-C.C. Art. 2266; LSA-R.S. 9:2721.