John R. BLOCKER

v.

OIL AND MARINE CORPORATION OF LOUISIANA, INC.

Civ. A. No. 81–3909.

United States District Court, E.D. Louisiana.

Sept. 16, 1983.

Robert M. Steeg, Steeg & O'Connor, New Orleans, La., for plaintiff.

Boris F. Navratil, Breazeale, Sachse & Wilson, Baton Rouge, La., for defendant.

MEMORANDUM AND ORDER

MENTZ, District Judge.

This matter comes before the Court on a motion for summary judgment by Mr. Blocker, and after oral argument was taken under submission on May 18, 1983.

Suit for partition by licitation was originally filed on September 2, 1981, as No. 13005 on the Docket of the Twenty-ninth Judicial District Court for St. John the Baptist Parish, and was removed to the federal court on grounds of diversity jurisdiction. Mr. Blocker claims to own 1224/1344ths interest in a parcel of land in St. John the Baptist Parish, with defendant Oil and Marine Corporation owning 120/1344ths interest. The property is described as a strip of batture bounded North by Jefferson Highway (River Road), South by low water mark of Mississippi River, West by line common to Lots 3 and 4 of Angelina Plantation and the extension of said line to the River, and East by East line of Lot 4 and extension of said line to the River, also described as that portion of Angelina Plantation awarded to the Troxclairs in suit No. 5886 of St. John the Baptist Parish, judgment affirmed by Fourth Circuit Court of Appeal and Writs Refused by Louisiana Supreme Court on October 24, 1980. Mr. Blocker desires a partition by licitation on the ground that the property cannot be partitioned in kind, which is admitted in defendant's answer.

However, Oil and Marine Corporation filed answer in the nature of a general denial, and specifically denied that Mr. Blocker has any interest in the said parcel. In the alternative defendant avers that Mr.

Blocker's chain of title is defective, in that Mr. Blocker relies on a judgment of the Twenty-ninth Judicial District Court rendered on February 5, 1979 entitled *Arthur Troxclair, et al. v. Oil and Marine Corporation of Louisiana,* which judgment is vague and ambiguous and not translative of valid title. In the further alternative defendant alleges that Mr. Blocker's interest consists only of the "batture" adjacent to Lot 4 of the Angelina Plantation, constituting an area of only 2.4 acres, instead of the total area between River Road and the River (540 ft. × 1064.05 ft. or 11.6 acres.)

On February 28, 1983, a motion for summary judgment was filed on behalf of Mr. Blocker, in which he basically contends that any title dispute between these parties has already been resolved in the case of *Troxclair v. Oil and Marine Corporation of Louisiana,* 385 So.2d 522 (La.App. 4th Cir.1980) writ of certiorari refused 393 So.2d 735 (1980), because the judgment in this suit stands as *res judicata* against Oil and Marine Corporation. The present interest of Oil and Marine derives from a sale on July 14, 1981 by Patco Petroleum, Inc. to Oil and Marine, which said interest had been purchased from seven of the Troxclairs who had refused to sell to Mr. Blocker at the time he purchased from the remaining heirs.

Filed into this record is a copy of the brief of Oil and Marine Corporation in the St. John the Baptist Parish suit, in which Oil and Marine states:

> At issue herein is whether the plaintiffs (Troxclairs) conveyed the batture in front of Lot 4 of the Angelina Plantation and the property taken in by the 1945 setback levee to the Ammans in the sale, hereto attached, on October 17, 1950. This is of importance in light of the facts stated herein which show that the Ammans then conveyed their interests in the land unto defendants (Oil and Marine Corporation). Thus the question is did the plaintiffs (Troxclairs) dispossess themselves of the property in their sale to the Ammans so that defendants (Oil and Marine Corporation) now own it, or rather have plaintiffs

> retained a good and valid title to the disputed property, i.e., the batture lying in front of Lot 4 of said plantation?

The description in the sale from the Troxclairs to the Ammans on October 7, 1950, describes said Lot 4 of Angelina Plantation as "being bounded on the North by the Airline Highway; on the East by Estate of Octave Badell or assigns and Section 71; on the South by the Jefferson Highway and on the West by Lot 3 of Angelina Plantation ... said tract containing 221.84 acres net as per survey dated February 28, 1934 *less that portion taken it* [sic] *by the new Angelina setback levee in 1945;* together with and including all alluvion batture and sandbars formed and attached thereto, as all accretion to said land by reliction and dereliction thereon, and all additions to said land resulting from the changing of water courses or the opening of new channels." The Troxclairs asserted that the "less" clause excluded all of the land situated between the Mississippi River and the 1945 setback levee in that part of Angelina Plantation.

On February 5, 1979, Judge Malik of the St. John the Baptist District Court rendered judgment in favor of the Troxclairs, and against Oil and Marine Corporation, James M. Gill and Robert G. Claitor recognizing "plaintiffs as owners of the batture located between the Mississippi River and the levee described in the act of sale passed on October 7, 1950." Note: this is the deed from the Troxclairs to the Ammans and refers to the Angelina Setback levee of 1945.

This judgment was appealed to the Fourth Circuit Court of Appeal of Louisiana, and on May 13, 1980, the decision was affirmed, as follows:

> On appeal, the defendants raise a number of issues. Our review, however, indicates there is one critical issue which is dispositive of this case.

> Did that act of sale dated October 7, 1950 convey the batture at issue to the defendants' precursors in title?

> We conclude that it did not. There is a variance between the October 7, 1950 property description and the prior de-

scription of the property, which is of special significance. The transfer to the Ammans contained the following reference to the disputed property:

> Said tract containing 221.84 acres net according to the plan of survey by H.E. Landry, C.E. and Surveyor, dated February 24, 1934, *less that portion taken it* [sic] *by the new Angelina setback levee in 1945* ....

Our review of the evidence presented, especially the deposition of Marcel Troxclair, confirms that the judgment below was not manifestly erroneous.

We have already noted that the judgment rendered above was confirmed by the Louisiana Supreme Court in that writs were refused on October 24, 1980.

Oil and Marine Corporation now contends that "the property at issue in this case is not land *formed* imperceptibly by the deposition of silt but rather land separated from the balance of the tract by a levee setback caused by an advancing rather than retreating river." Accordingly, they urge that a hearing is necessary to determine the meaning of the word "batture" as contained in the 1950 act of sale and the opinion of Judge Malik, since his intention is not evident from the opinion and therefore there is a material fact in dispute which can only be resolved after trial.

The doctrine of *res judicata* under Louisiana law is governed by La.Civ.Code art. 2286 (West), which states:

> The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.[1]

Therefore, the state court suit and the present litigation must contain identical demands, causes and parties. *Sliman v. McBee,* 311 So.2d 248, 255 (La.1975).

1. *Identity of the thing demanded.* Blocker's ownership interest in the subject property provides the basis of his action of partition. He must allege and prove his title, and he must cite and bring in all adverse claimants. *Broussard v. Allen,* 198 La. 475, 3 So.2d 742, 744 (1941).

Oil and Marine, on the other hand, has challenged Blocker's title. They claim that when in 1950 the Troxclair family sold a large tract of land known as Lot Four of the Angelina Plantation to Ernest and Edna Amann (Oil and Marine subsequently acquired the Amann's interest), included in that sale was most of the property subject to instant litigation. Thus, Oil and Marine claims that the subsequent conveyance of the Troxclair interest to Blocker did not transfer good title to him.

The 1950 sale by the Troxclair family to the Amanns in effect divided Lot Four into two separate tracts. The description in the sale from the Troxclairs to the Amanns describes Lot Four as

> being bounded on the North by the Airline Highway; on the East by Estate of Octave Badell or assigns and Section 71; on the South by the Jefferson Highway and on the West by Lot 3 of Angelina Plantation ... said tract containing 221.-84 acres net as per survey dated February 28, 1934 *less that portion taken it* [sic] *by the new Angelina setback levee in 1945;* together with and including all alluvion batture and sandbars formed and attached thereto, as all accretion to said land by reliction and dereliction thereon, and all additions to said land resulting from the changing of water courses or the opening of new channels. (Emphasis added.)

In 1973, litigation arose between the Troxclair family and the Amanns' assigns, Oil and Marine, James Gill and Robert Claitor, over the ownership of the portion of Lot Four between the Mississippi River and the Angelina setback levee. After trial on the merits, judgment was rendered in favor of

---

1. It is clear that the Louisiana doctrine of *res judicata* is to be applied in this diversity case. *Aerojet-General Corp. v. Askew,* 511 F.2d 710 (5th Cir.1975), rehearing denied, 514 F.2d 1072, cert. denied, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975).

the Troxclairs. *Troxclair v. Oil and Marine Corp. of La.*, (La. No. 5886–B, 29th Judicial District Court, 1979). The trial court was affirmed in *Troxclair*, 385 So.2d at 523. Oil and Marine now claims that the Louisiana court decisions did not give the Troxclairs interest in all of the property that they conveyed to Blocker. However, after reviewing the decision of the Louisiana Fourth Circuit Court of Appeal, this Court finds that the dispute in *Troxclair* involved the question of ownership over the precise tract of land which Blocker seeks to have partitioned here. The Louisiana court specifically held that the Troxclair family had retained ownership of the batture when they sold Lot Four to the Amanns. 385 So.2d at 523. The word batture can have different meanings. Professor Yiannopoulos has commented:

> A review of Louisiana legal texts and jurisprudence leads to the conclusion that batture has three meanings. In the first sense batture refers to lands of alluvial origin, formed by imperceptible deposits of material or by receding waters on the bank of a river; it has the same meaning as accretion. In a second sense, the word batture refers to land formations in the bed of a river, that is, in an area below the ordinary low water mark. In a third sense, the word batture is used to denote the natural bank of a river, that is, the area between the ordinary low and ordinary high stage of the water. A.N. Yiannopoulous, Louisiana Civil Law Property Treatise, ¶ 57 (2 ed. 1980).

A review of the pleadings filed in Troxclair, as well as those filed in the present suit, indicate that the Troxclair court and the parties understood and used the word batture in the third mentioned sense. In fact, the trial brief filed by Oil and Marine in the Louisiana District Court case and made a part of this record states:

> From the use of these terms in the property description, it becomes evident that the *land between the levee and the Mississippi River*, though not warranted, was to be included in the sale. Such a conclusion must be made, otherwise the existence of the said clause would have to be denied and surely the clause does exist as the property description so evidences. For if the *land between the set back levee and the river* were not to be included in the sale, why would the said terms, all of which are nonsensical if taken in a context unassociated with a river, be used? The only answer would be that the disputed area of land would have to have been included in the sale to the Amanns. (Emphasis added.)

Moreover, pleadings filed by the Troxclair family also make it clear that the batture at issue consisted of the entire 11.6-acre tract located between the Mississippi River and the 1945 setback levee. For example, at page 6 of their trial brief they argue that "the Troxclairs did not intend and in fact did not sell to the Amanns on October 7, 1950, the area of land *referred to as batture and lying between the Mississippi River and the Mississippi River levee* as it existed on October 7, 1950." (Emphasis added.) And finally, the state court of appeal stated in its decision that the trial court had declared the Troxclairs to be the owners of certain batture located between the Mississippi River and a levee described in the act of sale between the Troxclairs and Edna Lopez, wife of/and Ernest Amann passed on October 7, 1950. Thus, it is clear that the Louisiana state court opinion recognized the Troxclairs as owners of the property which is the subject of the instant litigation. Because the thing demanded in the *Troxclair* case (ownership of the subject property) and the thing demanded in this suit (recognition of Blocker's petitory interest in the same property) are identical, the first requirement has been met. *Ditch v. Finkelstein*, 399 So.2d 1216, 1221 (La.App. 1st Cir. 1981).

2. *Identity of the causes of action.* The phrase "cause of action" has been defined as the "juridical or material fact which is the basis of the right claimed or the defense pleaded." *Mitchell v. Bertolla*, 340 So.2d 287, 291 (La.1976). The question of ownership of that portion of Lot Four between the Mississippi River and the 1945 setback levee was litigated in *Troxclair*. Oil and

Marine now seeks to have this precise question relitigated here as a defense to Blocker's suit for partition. Because ownership provides the basis for a partition action, *Broussard,* 3 So.2d, at 744, this Court finds the "cause" in Troxclair and in the instant suit to be identical. As the court noted in *Tassin v. Sayes,* 386 So.2d 995, 999 (La.App. 3d Cir.1980), "... it is immaterial whether both suits are 'petitory' actions, as defined in our Code of Civil Procedure, so long as the thing demanded in both is recognition of ownership."

3. *Identity of the parties.* The Troxclair family litigated their ownership interest in the subject property in Louisiana state courts. Both parties in the instant litigation are successors in title to the Troxclair interest. Moreover, Oil and Marine was a defendant in the state court suit and contested the Troxclairs' petitory interest there. Thus, it is clear that the third requirement of identity of parties has been met because to the extent that the parties are not the same, privity exists. Thus, the parties are the same in the legal sense of the word. *Quinette v. Delhommer,* 247 La. 1121, 176 So.2d 399 (1965); *Scurlock v. Getty Oil Co.,* 294 So.2d 810 (La.1974); *Ditch v. Finkelstein,* 399 So.2d 1216 (La.App. 1st Cir. 1981).

Because there exists an identity of demands, causes of action, and parties, the decision of the Louisiana Fourth Circuit Court of Appeal in *Troxclair* is binding on this Court. The *Troxclair* court found the *Troxclair* heirs to be the full owners of the portion of Lot Four, Angelina Plantation, between the Mississippi River and the 1945 setback levee. Thereafter, Blocker obtained a 1224/1344 interest in the property; and Oil and Marine owns a 120/1344 interest. This Court can take judicial notice of the fact that the "high water mark" along the Mississippi River is the levee. Thus, the opinion and judgment rendered by Judge Malik was intended to include, and did include, the land lying between the Mississippi River and the 1945 setback levee. Accordingly, the Court is of the opinion that the title dispute is *res judicata* as between the parties, and that the motion for summary judgment is GRANTED in favor of John R. Blocker, authorizing and directing a partition by licitation.