593 So.2d 422 (1991)
Donald J. McLEAN
v.
E.L. SMITH.
No. 90 CA 1876.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
*423 Phil E. Miley, Baton Rouge, for plaintiff-appellant Donald J. McLean.
Bobby L. Forest, Baton Rouge, for defendant-appellee E.L. Smith.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
The plaintiff, Donald J. McLean, appeals the dismissal of his suit on an exception of res judicata. We reverse.

BACKGROUND
On October 24, 1986, the plaintiff entered into a contract with ABC Aluminum, Inc. for various renovations to his home in Baton Rouge, Louisiana. Plaintiff paid $11,144.77 in full payment of the work. After substantial completion of the renovations, the plaintiff filed suit against ABC Aluminum, Inc., alleging that the renovations were not done in a "proper and workmanlike manner, and that the materials used were not of a proper and workmanlike nature for the construction being performed, and as a result, the construction was totally unfit for the purposes for which it was constructed." Subsequently, a judgment, based upon a joint stipulation, was rendered on November 3, 1988, in favor of plaintiff and against ABC Aluminum, Inc. in the sum of $32,118.00, together with legal interest from date of judicial demand *424 until paid, and for all costs of the proceedings.
Apparently the judgment was not satisfied, and the instant suit was filed by the plaintiff on July 26, 1989, naming E.L. Smith, the principal stockholder of ABC Aluminum, Inc., as defendant. The thrust of plaintiff's suit is that he was led to believe that he was contracting with ABC Aluminum, Inc. when in fact he was contracting with E.L. Smith and a sole proprietorship named ABC Aluminum. The pertinent allegations of the plaintiff's petition are as follows:
11.
Petitioner alleges that he instituted the action entitled "Donald J. McLean versus ABC Aluminum, Inc." bearing Docket Number 315,333 Division "K" of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, and in fact, obtained a judgment against ABC Aluminum, Inc. in the sum of $32,118.00, together with legal interest thereon from date of judicial demand until paid, and for all costs of the proceedings, pursuant to a judgment rendered and signed on November 3, 1988.
12.
Since the rendition of the above described judgment, petitioner has learned that at all pertinent times, the defendant, E.L. Smith, was the principal stockholder of ABC Aluminum, Inc. and at the same time, operated a sole proprietorship known as ABC Aluminum.
13.
Petitioner alleges on information and belief that the above described work was performed by E.L. Smith d/b/a ABC Aluminum and for which said defendant personally received all payments, thereby rendering said defendant liable in solido with the said ABC Aluminum, Inc. for petitioner's damages.
14.
Alternatively, petitioner alleges that ABC Aluminum, Inc. was operated as the alter-ego of defendant and in fact, was not operated as a separate and distinct legal entity, that the said ABC Aluminum, Inc. failed to conduct required meetings of its shareholders and Board of Directors, that the activities of ABC Aluminum, Inc. were directed solely by E.L. Smith individually, and that said ABC Aluminum, Inc. was operated otherwise in violation of Louisiana law with respect to the conduct of business by a corporation, all of which renders the said defendant liable solidarily with ABC Aluminum, Inc. for the damages sustained by petitioner herein.
The defendant filed the peremptory exceptions of no cause of action and res judicata. The trial court sustained the exception of res judicata and deferred ruling on the exception of no cause of action. The plaintiff appealed the trial court judgment, alleging that the trial court erred in sustaining the exception of res judicata and in failing to overrule the exception of no cause of action.

LAW
The doctrine of res judicata, as it existed at all times pertinent hereto, is set forth in former LSA-R.S. 13:4231[1] as follows:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The absence of any of the requisite elements is fatal to a claim of res judicata. Morris v. Fleniken, 473 So.2d 319, 320 (La.App. 1st Cir.1985).
In the instant case there is no dispute that the cause of action and the thing *425 demanded in both suits are the same. Therefore, the only question is whether the parties are the same. The defendant argues that the parties do not have to actually be the same person as long as they are the "same parties in the legal sense of the word," relying on Ditch v. Finkelstein, 399 So.2d 1216, 1222 (La.App. 1st Cir.1981). The facts in Ditch, and the cases cited therein,[2] are clearly distinguishable from the instant case. Ditch involved a suit between the heirs of five parties to a compromise and the successors in title of the sixth party to the compromise. The court held that all the parties involved in the lawsuit were successors to the original redactors of the compromise agreement and were, therefore, the same parties in the legal sense of the word. The facts in Scurlock Oil Company v. Getty Oil Company, 294 So.2d 810 (La.1974) and Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399, (1965) also involve successors in title. In Quinette the court explained that "[u]nder the civil law doctrine, the ayants cause, or successors, of the parties of record are considered parties to the demand when they acquire title after the institution of the original suit in which judgment is rendered." 176 So.2d at 405 (footnote omitted). The instant suit does not involve the acquisition of title subsequent to the judgment rendered in plaintiff's favor.
Because a corporation is a distinct legal entity, separate from the individuals who comprise it, we do not find that the defendant E.L. Smith is the same party as ABC Aluminum Inc. LSA-R.S. 12:93-95. Accordingly, because the only parties to the previous judgment were the plaintiff and ABC Aluminum, Inc., the required identity of parties for res judicata is missing.
The plaintiff also contends that the trial court erred in failing to overrule defendant's exception of no cause of action. We agree.
The peremptory exception of no cause of action tests the legal sufficiency of the petition. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Haskins v. Clary, 346 So.2d 193 (La.1977).
As a general rule, individual shareholders are not liable for the debts of the corporation. However, in a few limited situations, a shareholder may be held individually liable. LSA-R.S. 12:93-95.
The law concerning the liability of corporate shareholders, officers or directors was explained by this court in Hemphill, Etc. v. Davis Wholesale Elec., 516 So.2d 402, 403, 404 (La.App. 1st Cir.1987), writ denied, 520 So.2d 751 (La.1988) as follows:
Louisiana courts are very hesitant to hold a shareholder, officer, or director of a corporation personally liable for corporate obligations, except in the case of fraud, malfeasance or criminal wrongdoing. LSA-R.S. 12:93 B; LSA-R.S. 12:95; Lone Star Industries, Inc. v. American Chemical, Inc., 461 So.2d 1063 (La.App. 4th Cir.1984), aff'd, 480 So.2d 730 (La. 1986), aff'd on rehearing, 491 So.2d 1333 (La.1986); L.L. Ridgway Co. v. Marks, 146 So.2d 61 (La.App. 4th Cir.1962). However, Louisiana law is settled that if an officer or agent of a corporation through his fault injures another to whom he owes a personal duty, whether or not the act culminating in the injury is committed by or for the corporation, the officer or agent is liable personally to the injured third party, and it does not matter that liability might also attach to the corporation. H.B. "Buster" Hughes, Inc. v. Bernard, 318 So.2d 9 (La.1975); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
In Canter v. Koehring the Louisiana Supreme Court set forth the test of when a corporate officer is liable to a third party damaged by reason of the officer's breach of an employment-imposed duty:
1. The principal or employer owes a duty of care to a third person ..., *426 breach of which has caused the damage for which recovery is sought.
2. This duty is delegated by the principal or employer to the defendant.
3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault....
4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.
283 So.2d at 721. Although Canter was a wrongful death action in which the plaintiff sought recovery against a co-employee of the decedent, the test enunciated in Canter has been applied to facts closer to the instant case. See H.B. "Buster" Hughes, Inc. v. Bernard, 318 So.2d 9 (La.1975); Scariano Brothers, Inc. v. Hammond Construction, Division of Scheyd-Brennan, Inc., 428 So.2d 564 (La.App. 4th Cir.1983).
In Scariano, the court held that a third party petition stated a cause of action because facts sufficient to meet the Canter test had been alleged. In that case, the third party plaintiff alleged that the corporate president had been delegated the duty of properly handling a subcontract, the duty was personally owed to the third party plaintiff, the officer breached the duty by his fault through acts set forth in the pleadings, and third party plaintiff was injured as a result of the breach. In the recent case of Fryar v. Westside Habilitation Center, 479 So.2d 883 (La.1985), the Louisiana Supreme Court held a corporate officer liable for breach of his `duty to see that the [corporation's] obligations were carried out,' stating: `An employee cannot shield himself behind a corporate wall when he is the officer responsible for the corporation's acts in a particular transaction.' 479 So.2d at 890.
A shareholder may also be liable for the debts of the corporation because of the failure of the shareholder to substantially comply with the legal requirements of a corporate entity. This doctrine is known as "piercing the corporate veil" and may be imposed even in the absence of fraud where there has been a disregard of the corporate entity to such an extent that the corporation is indistinguishable from the shareholders. Chaney v. Godfrey, 535 So.2d 918 (La.App.2d Cir.1988).
Circumstances which justify the imposition of the doctrine include: (1) commingling of the corporate and shareholder funds; (2) failure to follow statutory formalities required for a corporation and for the transaction of corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder or director meetings.
Chaney, 535 So.2d at 921.
In deciding whether to pierce the corporate veil, the totality of the circumstances must be examined. Harris v. Best of America Inc., 466 So.2d 1309, 1315 (La. App. 1st Cir.), writ denied, 470 So.2d 121 (La.1985).
The plaintiff's petition states that ABC Aluminum, Inc. was operated as the alter-ego of defendant and, in fact, was not operated as a separate and distinct legal entity; that ABC Aluminum, Inc. failed to conduct required meetings of its shareholders and Board of Directors; that the activities of ABC Aluminum, Inc. were directed solely by E.L. Smith individually; and, that ABC Aluminum, Inc. was operated otherwise in violation of Louisiana law with respect to the conduct of business by a corporation. We find these allegations sufficient to state a cause of action and accordingly overrule defendant's exception of no cause of action.
For the foregoing reasons, the judgment of the trial court maintaining the exception of res judicata and dismissing plaintiff's action against E.L. Smith is reversed. The exception of no cause of action is overruled, and the case is remanded for further *427 proceedings consistent with this opinion. All costs to be borne by defendant E.L. Smith.
REVERSED AND REMANDED.
NOTES
[1] The doctrine of res judicata was changed by Acts 1990, No. 521, effective January 1, 1991, for all civil actions filed on or after that date.
[2] Scurlock Oil Company v. Getty Oil Company, 294 So.2d 810 (La.1974) and Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399 (1965).