He failed to properly allege facts sufficient to establish an alibi.

The law and the evidence being in favor of the state, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.

MONROE, J. I dissent.

PROVOSTY, J. I dissent.

See concurring opinion of LAND, J., 45 South. 285.

---

(45 South. 285.)

No. 16,663.

Succession of THERIOT.

KNIGHT v. DURAND.

(Dec. 16, 1907.)

1. APPEAL — EFFECT — JURISDICTION OF DISTRICT COURT.

Though the district court can for purposes of its own jurisdiction pass on certain questions after it has granted an order of appeal, it cannot by its decree fix and determine the right of parties to an appeal to the Supreme Court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 2191–2195.]

2. SAME—REVIEW—ORDER SETTING ASIDE APPEAL.

Where a district court has granted a party an order for a devolutive appeal and thereafter appellant has executed bond, cited the appellee and lodged the transcript of appeal in the Supreme Court, the question whether appellant has a legal interest to appeal, and what that interest is, is for the Supreme Court to decide. Should the trial court (on the ground that appellant has no interest to appeal) set aside its own order of appeal under such circumstances, the rescinding order is itself subject to review by appeal to the Supreme Court, as a matter incidental to the appeal lodged in that court and as a matter necessary to be passed on in aid of its appellate jurisdiction.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

In the matter of the succession of Rosemond Theriot. Rule on application of Ira H. Knight, administrator, against Walter J. Durand, to show cause why an order for a devolutive appeal should not be set aside. Appeal dismissed, and Durand appeals. Reversed.

Walter Joseph Durand, in pro. per. Louis Tasker Dulany, for appellee.

NICHOLLS, J. Walter J. Durand appeals devolutively from a judgment rendered by the district court on the 8th of April, 1907, on a rule served on him at the instance of Ira H. Knight, administrator of the succession of Rosemond Theriot, to show cause why the order for a devolutive appeal which the court had granted said Durand on the 8th of March, 1907, in the matter of that succession, should not be declared illegal, and set aside.

The judgment appealed from set aside and dismissed the appeal which the district court had granted appellant.

The application for the issuing of the rule to show cause why the order of appeal should not be set aside was filed on March 12, 1907. The order on that rule was filed on March 16, 1907, though the copy of the order copied in the transcript purports to have been signed at chambers on the 5th of March, 1907.

This is obviously a mistake, as evidently this order must have been granted after the order of appeal had been granted, and after the application to set that order aside had been filed. We assume the proper date of the order was the 15th of March, 1907. The citation to Durand on the rule to set aside the order of appeal was dated March 16, 1907, and service thereof was made on him on the 19th of March, 1907.

The order granting Durand a devolutive appeal had been granted on the 8th of March, 1907. He had executed an appeal bond under the order on the 13th of March, 1907, for $50 as required by the order, and the same had been filed and approved on the same day (13th of March, 1907).

On March 14, 1907, citation of appeal under Durand's appeal was served on Knight administrator.

A comparison of these various dates will show that, on the day that service was made on Durand of the rule to show cause why his appeal should not be set aside (March 16, 1907), he had already executed a proper bond of appeal (March 13, 1907), and Knight, administrator, had already been cited on the appeal (March 14, 1907).

Both the giving of the bond and the citation of appeal on Knight were accomplished facts when the judge ordered the rule to show cause to issue. Under such conditions the judgment of the district court setting aside the devolutive appeal which he had granted to Durand was unwarranted. Durand was not in a position to demand from the district court the doing of any act, nor was the situation such as to call for any action by the succession against Durand. All that the latter was seeking to obtain was the setting aside of the judgment of homologation of the administrator's account. Whether he had an interest sufficient to justify his appeal to the Supreme Court, and whether he had brought before that court the parties legally entitled to be heard, were matters which were to be referred to and decided by the appellate court, in which questions the lower court had no interest or concern. There are certain questions which the lower court can pass on for the purposes of its own jurisdiction after it has granted an order of appeal, but it cannot by its decree fix and determine the rights of parties in the Supreme Court.

The judgment of the district court setting aside the devolutive appeal which it had granted on the 8th of March, 1907, to Durand, was erroneous, and it is hereby set aside as of no effect, leaving the question as to whether the appeal granted to Durand should be dismissed a question to be decided by the Supreme Court.