LAND, J.
In the year 1905 the plaintiff executed and delivered to the defendant an instrument as follows, to wit:
“State of Louisiana, Parish of De Soto.
“Be it known that A. Y. Roach, a resident of said parish and state, has this day sold and delivered, and do by these presents transfer, sell, and deliver, with full guaranty of title, unto J. H. Craig," a resident of said parish and state, his heirs and assigns, all the merchantable pine timber measuring ten inches and upwards at the stump on my lands situated in said parish and state, containing one hundred acres, more or less.
“This sale and transfer is made for the consideration of the price of fifty cents per thousand for all the timber cut and sawed, and which price is to be paid in thirty days as the timber is removed from the lands. This sale carries with it the right and privileges of going upon said land for the purpose of cutting and removing said timber. The said timber, when cut, is to be measured by Doyle’s rule.
“Done and signed in the presence of the undersigned witnesses on this the 28th day of March. 1905. [Signed] A. Y. Roach.
“Attest: L. C. Patterson.”
The defendant a few months later caused this document to be duly recorded in the* *685 parish of De Soto, and within the year entered upon the premises and commenced the cutting of the timber. Plaintiff thereupon objected, and ejected the cutters.
On August 27, 1906, the plaintiff sold the same timber to one C. E. Jenkins. Shortly after the sale just mentioned the defendant attempted to cut the timber, and thereupon, the said Jenkins, claiming as owner, enjoined the said Craig from entering on said premises and cutting and removing said pine timber.
Craig 'answered the injunction suit, pleading his ownership under the contract of March 28, 1905, and urging that Jenkins had purchased in bad faith.
There was' judgment in the district court in favor of Craig, recognizing him as owner and dissolving the injunction. Jenkins appealed to the Court of Appeal, which in due course affirmed the judgment in favor of Craig.
Shortly after the said judgment became final and executory, Jenkins reconveyed the timber to Roach, who instituted the suit now before us on a writ of review.
The petition alleges the ownership and possession in Roach; that he was induced to sign the document of date March 28, 1905, through fraud and misrepresentation; that said document is absolutely null and void, because it contains a protestive condition, dependent entirely on the will of Craig, and also for want of mutuality, and, at most, is not a sale of said timber. Roach further alleged that no part of the timber had been cut, and that the document, in any event, is but an option, revocable at will, and that the same had been revoked by the petitioner.
Defendant pleaded as follows:
(1) That the petition disclosed no cause of action.
(2) That the judgment in Jenkins v. Craig was res judicata as -to defendant’s title to said timber.
(3) If the alleged causes and grounds of nullity and rescission ever existed, they ceased to exist by the sale to Jenkins, and did not revive upon the retransfer by Jenkins to Roach.
(4) That, if any causes of nullity ever existed, Roach is estopped to set up the same by reason of his ratification of the contract.
These pleas and exceptions having been referred to the merits without prejudice, the defendant answered, pleading title and possession under the agreement of date March 28, 1905.
On trial in the district court the plea of res judicata was sustained, and upon appeal the judgment was affirmed by the Court of Appeal.
The Court of Appeal in its original opinion refers to its opinion in another case decided by the same court as decisive of the plea of res judicata. The clerk below certifies that such opinion has been lost or mislaid. But we find in the record the reasons of the Court of Appeal for refusing the plaintiff’s application for a rehearing, which are, in part, as follows:
“As we held in this case, Jenkins having been interposed by Roach and Fair for the purpose of bringing the action to prevent Craig from exercising under the contract the right to cut and remove the timber, and the suit having resulted in a definitive judgment against him recognizing the asserted rights of Craig, the judgment is as conclusive against the plaintiff herein as though he had been the plaintiff in the suit instead of Jenkins.
“If he had instituted the suit in the first instance, and asserted the objections to the contract which have been modified from time to time as the litigation has progressed, it maybe that he would have succeeded in having the contract declared void, as revoked and without legal effect. But, without ignoring the force of the thing adjudged, he cannot now be permitted, when he has interposed a person for the purpose of instituting the action,' to escape from the judgment rendered against such person. He cannot thus institute an action, and, when the judgment is against him, come into court and say that the contract sustained by such judgment had, in fact, been revoked prior to the institution 'of the suit,' either expressly or by the ostensible sale of the timber, which was the method employed to interpose the vendee or otherwise.”
*687 On the question of res judicata, we make the following excerpts from the brief of the plaintiff:
“But -it is pleaded that the final judgment in the ease of Jenkins v. Oraig is res judicata of all issues here. It will be seen that in that case Jenkins, who purchased the timber from Roach, endeavored to have the court hold the instrument in question invalid for the reasons now urged (except lesion). The arguments which have been here directed against the document under discussion were pressed by Mr. Wilkinson with greater force than we can hope to present them. But the Court of Appeal expressly refused to consider them, .and waived them aside with the statement that they were personal to Roach and could not be considered m a suit in which he was no party. The Court of Appeal now holds that the document is not a sale, but a license revocable at will. They hold that revocation is not a matter covered by the plea of res judicata, but that, nevertheless, the right of Roach to revoke it terminated upon the decision of the Jenkins Case. This is predicated upon the theory that in the former suit Jenkins was a party interposed, and that Roach was a real party to that suit, and concluded by the judgment.” .
Counsel for defendant argue that the Court of Appeal in the former suit held that the. defects and nullities urged were personal to Roach, not a party to the suit and in the case at bar held that Roach was- a party to the suit through ,a person interposed.
The question presented by the plea of res judicata must be determined by the decree rendered, its finality as between the immediate parties, and its legal effect against the plaintiff herein. It is not disputed that the judgment pleaded as an estoppel, whether right or wrong, is final and conclusive against Jenkins on the question of title to the timber in controversy. Roach first transferred the timber to Craig, and afterwards deeded the same property to Jenkins, and stood by while his two vendees litigated over the title. The Court of Appeal found as a fact that Jenkins was merely interposed for Roach. The plaintiff does not in his brief challenge the correctness of this finding by reference to the evidence, but contents himself with charging the Court of Appeal with inconsistent positions in the two cases.
Whether the plaintiff be considered as a privy to the Jenkins suit, therein appearing through Jenkins as a party interposed, or as the vendee or assignee of Jenkins subsequent to the judgment rendered against the apparent owner, the result is the same.
In Johnson v. Weld, 8 La. Ann. 126, the court, in a well-considered opinion supported by the citation of civil-law authorities, said :
“There may be a physical difference of parties to suits, but at the same time a legal identity. If, without figuring as a party to the record, I am represented by a party to it, the law considers both as one person, and the judgment rendered is obligatory on both.”
In the same case the court also said:
“The effect of the res judicata is consequently held to extend to the successors or the ayans cause, the assignees of the parties, and to all who claim through them. * * *
“Toullier, in speaking of the principle that the possessor is presumed to be the owner, says:. ‘It results from this principle that judements rendered without collusion against the apparent owner, relating to the thing of which he is possessed, acquire the force of res judicata against the true owner when he is restored to' his right, and also the judgments in favor of the possessor inure to his benefit. It cannot be said that a judgment of this kind is res inter alios acta. It is always the same moral person, which passes from one individual to another, as is the case with all those succeeding under a particular title. The true owner must take the consequence of letting his rights remain in the name of another person, who is clothed with the apparent ownership.’ ”
In Hargrave v. Mouton, 109 La. 536, 33 South. 591, this court said:
“Successors to, or ayans cause of, the parties, to the original suit, are considered in law as having been parties themselves, when their titles have been acquired since the institution of the action in which the original judgment was rendered.”
This is a principle of universal jurisprudence, founded on the doctrine of privity in estate. 23 Cyc. 1253-1257.
Plaintiff, in alleging that he sold the property to Jenkins “for a full price,” necessarily admits that he divested himself of his former title, and stands on the title acquired from Jenkins after the rendition of the judg *689 ment decreeing that Jenkins had no title as against Craig.
The present suit is an indirect attempt to reopen the case of Jenkins v. Craig, on the theory that certain questions therein raised were not decided by the Court of Appeal. Admitting the premises, it remains that all such questions are concluded by the judgment, and cannot be reopened, either by Jenkins or his successors in title.
It is therefore ordered that the judgment of the Court of Appeal be affirmed.