## GIVENS et al. v. ARCADIA COTTON OIL MILL & MFG. CO. et al. *
### No. 4949.

Court of Appeal of Louisiana. Second Circuit.

May 2, 1935.

J. Rush Wimberly and R. L. Williams, both of Arcadia, for appellants.

Goff & Goff, of Arcadia, for appellees.

DREW, Judge.

The defendant herein, Arcadia Cotton Oil Mill & Manufacturing Company, obtained a writ of executory process against E. C. Givens et al., plaintiffs herein, in suit No. 9735 on the docket of the Third judicial district court of Lincoln parish, La. The mortgage and note sued on is for $2,000 and covered the E. ½ of the N. W. ¼, N. E. ¼ of S. W. ¼; and S. E. ¼ of section 23, township 18 north, range 5 west, and was for a balance due of $764, with 8 per cent. per annum interest from October 15, 1931, and 10 per cent. additional as attorney's fees. The mortgage note was made payable to the order of "myself" and signed and indorsed in blank by Mrs. C. A. Givens.

The mortgage contained the usual clause to the effect that defendant binds herself not to alienate, deteriorate, or encumber the property mortgaged to the prejudice of said mortgage, waived the benefits of appraisement, and confessed judgment on same.

At the time these proceedings were started, Mrs. Givens was dead and the suit was brought against all of her heirs. The land described was advertised for sale in due course by the sheriff of Lincoln parish, and the sale date fixed for Saturday, September 30, 1933.

The plaintiffs herein, who were defendants in the foreclosure procedure, filed suit on September 23, 1933, praying for a writ of injunction to issue, and rule was issued ordering the defendant herein to show cause why a writ of injunction should not issue without bond. The sole and only ground alleged for the writ of injunction by plaintiffs is that the note sued on had been fully paid and discharged. They did not allege that a writ was necessary or that any injury would result to them if the writ did not issue.

Defendant in injunction filed the following exceptions:

1. Exception of no right or cause of action;

2. Plea of res judicata; and

3. Plea of estoppel.

*Rehearing denied June 4, 1935.

After reserving all of its rights under the above exceptions, defendant filed answer admitting that the plaintiffs were the children and legal heirs of Mrs. C. A. Givens, deceased. It denied that the note sued on had been paid, and admitted that the property had been seized and advertised for sale. It denied the right of plaintiffs to an injunction or rule nisi.

Defendant further answered, alleging that the note sued on was deposited with the First National Bank of Arcadia for a line of credit for R. W. Givens in the amount of $2,500, exclusive of interest. Defendant then alleged that none of the plaintiffs has any interest whatever in this proceeding, except Earl C. Givens; that the plaintiffs' mother, Mrs. C. A. Givens, pretended to sell the land in controversy herein to her son, Earl C. Givens; and that a deed of same was made and placed of record, with the full knowledge and consent of the other heirs herein, as is shown by the pleadings and evidence taken in the case of "Earl C. Givens v. First National Bank of Arcadia," No. 8757 on the docket of the Third judicial district court in and for the parish of Lincoln, which it made a part of its answer to show rem ipsam, and for the specific purpose of showing that none of the plaintiffs, except Earl C. Givens, had any interest whatever in this suit.

Defendant further alleged that the joining of the other plaintiffs in this suit was a fraud and a subterfuge attempted to be perpetrated upon the defendant. Further alleged that the same identical allegations as are made in this suit were made by Earl C. Givens in suit No. 8757, which was tried and the demands of plaintiff rejected. Further alleged that the trial of said suit and the decision therein on the same issues had become res judicata, and that the other plaintiffs, other than Earl C. Givens, were joined in this suit for the purpose of avoiding said plea, and same was an attempt of fraud on the part of the plaintiffs against the court and the defendant.

There were further allegations in said answer which are unnecessary to a decision in this case.

At the trial of the rule nisi, a temporary writ of injunction was issued without bond, and the sale of the property stayed. The case was then tried on the merits and a writ of injunction granted and perpetuated.

From that judgment defendant has prosecuted this appeal:

On January 10, 1931, Earl C. Givens, who was then the owner of the property mortgaged by Mrs. C. A. Givens, proceeded by rule against the First National Bank of Arcadia, La., praying that a collateral mortgage note executed by his mother, Mrs. C. A. Givens, be surrendered by said bank and that the mortgage be cancelled from the records for the reason that the note signed by R. W. Givens and Mrs. C. A. Givens, as surety, representing the principal obligation against which the mortgage note was deposited as collateral, had been paid in full. Defendant bank answered and alleged that the $2,000 mortgage note executed by Mrs. C. A. Givens was deposited with it as collateral for a line of credit for R. W. Givens, which amount was understood and agreed to be $2,500, plus interest; that the note represented by plaintiff to be the principal obligation was only a part of the credit extended to R. W. Givens, which entire credit, up to $2,500 and interest, was to be protected by the collateral mortgage note executed by Mrs. C. A. Givens for $2,000 and a mortgage note executed by R. W. Givens for $2,000 which was likewise deposited as collateral. It admitted it had refused to surrender the mortgage note executed by Mrs. C. A. Givens until the balance due it by R. W. Givens, amounting to $630.50, had been paid.

The case went to trial on these issues and there was judgment rejecting plaintiff's demands and sustaining the contentions of the defendant bank. From this judgment plaintiff in rule appealed to this court; and counsel for plaintiff appeared here in open court to argue the appeal and asked that the judgment of the lower court be affirmed, which was done by us on December 9, 1931.

On January 8, 1932, the Arcadia Cotton Oil Mill & Manufacturing Company, the defendant herein, purchased from said bank the notes it held against R. W. Givens, being the same notes for which the bank had successfully contended in court, for which the $2,000 mortgage note was deposited as collateral. The bank therefore transferred the collateral note with the principal notes. Some time thereafter, the defendant herein, Arcadia Cotton Oil Mill & Manufacturing Company, filed foreclosure proceedings by executory process on the $2,000 mortgage note which it held as collateral. For reasons unknown to us, it made defendants in said proceedings all the children and legal heirs of Mrs. C. A. Givens, deceased. Five of the children, including Earl C. Givens, came into court and made the same identical allegations as were made in the rule filed by Earl C. Givens against the First National Bank of Arcadia, in suit No. 8757, which had been determined

against him and which judgment had long since become final. On these allegations they prayed for an injunction against the sale of said property covered by the mortgage, and finally, that the $2,000 mortgage note executed by Mrs. C. A. Givens be declared extinguished, and the mortgage cancelled from the records.

█ The plea of res judicata as to Earl C. Givens should have been sustained. It is argued by appellee that the two actions were not between the same parties. In contemplation of law the suit between Earl C. Givens and the First National Bank and the suit between Earl C. Givens and the Arcadia Cotton Oil Mill & Manufacturing Company were between the same parties, the issues in the suits identically the same, and are over the same subject-matter. The Arcadia Cotton Oil Mill & Manufacturing Company was a privy of the First National Bank of Arcadia, having acquired by purchase from it the $2,000 mortgage note long after the final determination of the suit between Earl C. Givens and the bank. The Arcadia Cotton Oil Mill & Manufacturing Company stands in the shoes or sits in the seat of the First National Bank of Arcadia, from which it derived its title. Boughton v. Harder, 46 App. Div. 352, 61 N. Y. S. 574.

█ Successors of the parties to the original suit are considered in law as having been parties themselves when their titles have been acquired since institution of the action in which the original judgment was rendered. Hargrave v. Mouton, 109 La. 533, 536, 33 So. 590, 591.

█ A final judgment rendered by a court of competent jurisdiction on the merits is a bar to any future suit between the same parties, or their privies, upon the same cause of action. Hargrave v. Mouton, supra; Succession of Theriot, 120 La. 383, 386, 45 So. 285, 286; Roussel v. Railways Realty Company, 137 La. 616, 69 So. 27; Roach v. Craig, 124 La. 684, 50 So. 652.

As to the remaining plaintiffs in injunction, the exception of no right of action should have been sustained. Both the plea of res judicata and the exception of no right and cause of action were tried and referred to the merits, and to a decision of the case. There was no objection made to this ruling of the lower court.

█ On the trial of the case it was shown that title to the property covered by the $2,-000 mortgage and note executed by Mrs. C. A. Givens was in Earl C. Givens, by duly registered and recorded title from Mrs. C. A. Givens, of date December 30, 1930. The other brothers, sisters, and legal heirs who were defendants in the foreclosure proceedings, and who are plaintiffs in the injunction proceedings, admit that they had no interest in the property and were fully aware of the execution of the deed by their mother to Earl C. Givens on the day it was executed.

The foreclosure proceedings are via executiva and there is no claim or prayer in the petition for personal judgment against any one. It therefore follows that the plaintiffs, other than Earl C. Givens, are without interest in the case. There is no injury which can be caused them by selling at sheriff's sale under foreclosure the land they do not own or claim to own. They are clearly without a right of action to enjoin the sale. At no place in the petition for injunction do they claim to own the land on which the mortgage is alleged to rest, neither do they allege that a sale of the land would be injurious to them, or impair any right which they claim. They therefore have failed to set out or prove a right or cause of action. Article 296 of the Code of Practice.

It therefore follows that the judgment of the lower court is erroneous and is now reversed. The injunction issued herein is dissolved at the cost of plaintiffs in injunction.