WATSON, Judge.
This is a petitory action. Suit was originally filed by Ivan J. Hebert and his wife, Carrie Hebert, against the defendant, Robert Melancon.
By supplemental and amending petition, Calvin Lambert was substituted as the sole plaintiff on an allegation that the property was acquired by the original plaintiffs from Calvin Lambert and resold to him during the pendency of the suit. (TR. 12).
The petition seeks judgment recognizing plaintiff Lambert as owner of a tract of land with about 5 acres of frontage on Belle River in St. Martin Parish.
Defendant, Robert Melancon, is the successor in title to the heirs of Joseph Adams, having purchased the property by an instrument represented in the present record as D-2. (TR. 18).
Previous litigation concerning title to the identical property has been before this court. See Lambert v. Heirs of Adams, 325 So.2d 331 (La.App. 3 Cir. 1975): writ denied, 329 So.2d 458 (1976). The earlier litigation was described by this court as a “petitory action” (325 So.2d 333) and was decided adversely to plaintiff Lambert. Counsel for plaintiff has suggested in argument that this court was in error in using the phrase “petitory action”, because the earlier suit was a proceeding for declaratory judgment, Lambert being in possession at the time. However, Lambert was then possessing as tenant, not as owner. Thus the suit was in fact a petitory action.
In the present litigation, defendant filed several exceptions but we are only concerned with the exception of res judicata which was sustained by the trial court. The issue is whether the doctrine of res judicata applies.
The essential elements for the plea of res judicata are found in LSA-C.C. art. 2286.
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
The article requires that the thing demanded be the same; the cause of action be the same; and the parties be the same.
In the present proceedings, it is obvious that the thing demanded (the land) is the same; and that the cause of action (ownership claimed by petitory action) is the same. The only remaining question is whether the parties are the same.
The plaintiff, Lambert, is the same individual, but the defendant is not the same person or persons. However, the defendant is what is called, in the civil law, an *1200 ayant cause, which means an assignee or successor in title.[1]
The jurisprudence holds that for the purpose of the plea of res judicata, an ayant cause is to be considered as the same party involved in the previous litigation. See Delabigarre v. Second Municipality of New Orleans, 3 La.Ann. 230 (1848); Roach v. Craig, 124 La. 684, 50 So. 652 (1909); Hargrave v. Mouton, 109 La. 533, 33 So. 590 (1903).[2]
Therefore, the trial court was correct in maintaining the exception of res judicata. The judgment of the trial court is affirmed. All costs on appeal are taxed against the plaintiff-appellant.
AFFIRMED.

. In French law, and also in Louisiana, this term signifies one to whom a right has been assigned, either by will, gift, sale, exchange, or the like; an assignee. An ayant cause differs from an heir who acquires the right by inheritance. 8 Toullier, n. 245. Black’s Law Dictionary, 4th Edition, p. 174.

. We are aware of the recent case of Ugulano v. Allstate Insurance Co., 359 So.2d 318 (La., 1978), in which the Louisiana Supreme Court stated that neither the doctrine of judicial es-toppel nor collateral estoppel obtains in Louisiana. However, we do not read Ugulano as impinging on the principles applicable in the present case.