520 So.2d 1035 (1987)
Nobie S. GIBBS, et al., Plaintiffs-Appellees,
v.
GAHAGAN LAND & TIMBER CO., INC., et al., Defendants-Appellants.
No. 86-1136.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
Writ Denied February 5, 1988.
*1036 Gahagan & Gahagan, Russell E. Gahagan, Natchitoches, for defendants-appellants.
Watson, Murchison, Crews, Arthur & Corkern, Daniel T. Murchison, Natchitoches, for plaintiffs-appellees.
John Makar, Natchitoches, for defendant-appellee.
Before FORET, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
This is a petitory action filed by the plaintiffs-appellees, Nobie S. Gibbs, Mary Gibbs Thompson, Nancy Makar Sewell, Jayme Makar Ponder and Charles S. Makar (Gibbs hereinafter). They assert that they are owners of 96.8 acres of land located in Natchitoches Parish. Gahagan Land & Timber Co., Inc. (Gahagan) filed exceptions of res judicata and ten-year acquisitive prescription. Each exception was heard separately by the trial court and each was overruled. After a trial on the merits, the trial court held that the title of Gibbs was better than that of Gahagan and that Gibbs should be recognized as owners of the disputed land. Gahagan appealed the judgment of the trial court. We affirm.
To understand the facts pertinent to the exceptions, it is necessary to refer to an *1037 earlier and separate lawsuit affecting part of the property. That lawsuit, a possessory action, arose when by deed dated March 31, 1982 the plaintiffs sold and conveyed to James Weeks and his wife, Charlotte Weeks, 96.8 acres of land. On May 26, 1982 Gahagan filed a possessory action against James and Charlotte Weeks. Gahagan claimed to be in possession as owner of a portion of the property and had been for more than one year. The possessory action was decided in Gahagan's favor on May 16, 1983. The judgment ordered the Weeks to file a petitory action against Gahagan within 30 days, or upon failure to do so be forever barred from asserting any claim to the property. The property was described in the judgment as 79.6 acres. The judgment also cancelled and declared null and void the 1982 deed conveying the property from Gibbs to the Weeks.
The Weeks never filed a petitory action. The judgment in that possessory action became final. By an instrument dated December 24, 1984 the Weeks reconveyed to Gibbs the same property that was conveyed to them on March 31, 1982. The 96.8 acres described in the reconveyance to Gibbs includes the 79.6 acres that was involved in the possessory action.
The present petitory action was then field by Gibbs.
The issues presented by this appeal are:
I. Did the trial court commit manifest error in overruling Gahagan's exception of res judicata?
II. Did Gahagan meet all the requisites for ten-year acquisitive prescription?
III. Was the trial court clearly wrong in its determination that the plaintiffs proved a better title to the land in dispute than did Gahagan?
The exception of res judicata was properly overruled. La.R.S. 13:4231 provides:
§ 4231. Res judicata, essential elements
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The statute requires that the thing demanded be the same, the cause of action be the same, and the parties be the same.
Gahagan argues that the judgment it received in the possessory action against the Weeks is res judicata as to the present petitory action. Accordingly, Gahagan relies on the civil law doctrine of ayants cause as an exception to the basic requirement of res judicata that the parties to the two lawsuits be the same. An ayant cause is an assignee or successor in title. Hebert v. Melancon, 368 So.2d 1198 (La.App. 3rd Cir.1979). This reliance, however, is misplaced. The judgment in the possessory action cancelled and declared to be null and void the deed from Gibbs to the Weeks. Therefore, the Gibbs group was placed back in the same position they occupied prior to the 1982 conveyance to the Weeks. Considering this cancellation of the deed, it is incongruous to say that Gibbs are successors in title to the Weeks. The plaintiffs are not ayants cause of the Weeks and are not considered as having been a party in the original suit.
The doctrine of res judicata is stricti juris and any doubt as to concurrence of identities must be resolved in favor of maintaining the action. Quinette v. Delhommer, 176 So.2d 399 (La.1965). Since an essential element of res judicata, identical parties, is absent, the exception lacks merit.
Gahagan did not acquire the disputed property via prescription. The requisites for the acquisitive prescription of ten years are possession of ten years, good faith, just title, and a thing susceptible of acquisition by prescription. La.C.C. Art. 3475. The possession required must have been continuous and uninterrupted, peaceable, public and unequivocal. Authement v. Theriot, 292 So.2d 319 (La.App. 1st Cir. 1974).
The evidence presented at trial revealed that whatever possession Gahagan *1038 may have had, it was not exclusive and was also enjoyed by Gibbs. Gibbs, and their authors in title, sold timber from the land, granted oil and gas leases and granted permits for seismic exploration. Appellees also testified that they hunted and camped in the area. These physical acts of possession occurred while Gahagan claims it had possession. The tax assessor testified that he carried a dual assessment on this property for many years and continues to do so to this day.
The record does reflect that Gahagan granted mineral leases and permits for seismic exploration on the disputed property. However, these are acts of civil possession. The possessor must have corporeal possession, or civil possession preceded by corporeal possession to acquire a thing by prescription. La.C.C. Art. 3476.
The record is void of any evidence that Gahagan ever exercised any physical or corporeal possession. Gahagan never cut timber, despite the fact that the vast majority of the subject property is timber land. The nature of the land or the use to which it is destined governs the possession necessary to support prescription. Verret v. Norwood, 311 So.2d 86 (La.App. 3rd. Cir. 1975). Consequently, Gahagan never had the possession required to support its plea of acquisitive prescription.
The trial court determined that Gahagan was not in good faith and could not have reasonably believed that it was the owner of the property it claims to have possessed. After analyzing the record we agree with this conclusion. The testimony of a long time secretary of Gahagan was crucial to this issue. Joy Conlay testified that either she or Russell Gahagan, president of Gahagan, Inc., examined the title to all property purchased by Gahagan. A title examination would have clearly shown that Gibbs had record title to the same property as claimed by Gahagan's ancestor in title.
This information obtained during the title examination is attributable to the defendant corporation. A corporation is bound by the knowledge acquired by its officers or agents relating to its affairs and business. Martin v. Schwing Lumber & Shingle Co., Inc., 81 So.2d 852 (La.1955). Therefore, Gahagan knew that there was a defect in its vendor's title. If a purchaser investigates the validity of his vendor's title, he is bound by what the record reveals and cannot claim to be in good faith if the record discloses a defect in the title of his vendor. Holley v. Lockett, 126 So.2d 814 (La. App.2nd Cir.1961). Thus, two essential elements of acquisitive prescription, possession and good faith, were not proven by the exceptor.
Turning now to the ruling in the petitiory action, we agree with the trial court that Gibbs proved a better title to the disputed property. The petitory action proof is governed by C.C.P. Art. 3653 which provides:
Art. 3653. Same; proof of title; immovable
To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
(1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof.
When the titles of the parties are traced to a common author, he is presumed to be the previous owner.
The trial court made the factual determination that neither party was in possession. Thus, Gibbs only had to prove a better title to the property than Gahagan. Gibbs traced their title back to 1916 to Paul Potts, a common ancestor in title to both appellants and appellees. Gibbs further traced their title back to the sovereign. Conversely, Gahagan has not made out its title. The earliest deed filed in the record by Gahagan is dated 1957. The title is not traced back to its origin.
The principal defense of Gahagan was not that it had a better title than Gibbs, but that some of the old deeds in Gibbs' chain *1039 of title were insufficient to be translative of title. Gahagan called an expert civil engineer to testify that the property could not be surveyed from the description on the face of some of those older deeds. However, the witness also stated that this was not unusual for early deeds and that the property could be located on the ground. A similar defense was made and rejected in Brasseaux v. Reaux, 394 So.2d 688 (La. App.3rd Cir.1981), which, by means of a footnote reference to Snelling v. Adair, 199 So. 782 (La.1940), held that if a deed describes property well enough so that it can be identified and located, it is sufficient to transfer ownership of the property. The property was correctly described as to section, township, and range, and its north and south boundaries were given. It was further identified as the property of the Vascocu heirs. For these reasons we conclude that the deeds were translative of title.
Gibbs proved a better title than Gahagan, thus satisfying their burden under C.C.P. Art. 3653(2), and they are recognized as owners of the 96.8 acre tract of land.
The judgment is affirmed at appellant's costs.
AFFIRMED.