527 So.2d 548 (1988)
Robert BOTT, Plaintiff-Appellee,
v.
STERLING HOMES, INC. OF LAFAYETTE & Eagle Housing, Inc., Defendants-Appellees/Appellants.
No. 87-540.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
*549 Jerry J. Blouin, New Orleans, and Thomas F. Daley, Metairie, for defendants-appellees/appellants.
Edward, Stefanski & Barousse, Chris A. Edwards, Crowley, for plaintiff-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
DOUCET, Judge.
On July 25, 1981, plaintiff, Robert Bott, purchased a new 1981 Model EH 1423 mobile home from Sterling Homes, Inc. of Lafayette. The manufacturer of the mobile home was Eagle Homes, Inc. The purchase price of the mobile home was $22,560. Plaintiff made a cash down payment of $5,000 and financed the balance for fifteen years at 13.99% interest.
Soon after moving into the mobile home, plaintiff began to notice various defects. The most serious of the defects was the presence of numerous water leaks around the mobile home's top, sidewalls, doors, and windows. Additionally, plaintiff contends that defects exist in the mobile home's flooring, heating and cooling units, basic structural supports and insulation. Defendants have attempted to repair all of these defects on more than one occasion but many remain to date.
Plaintiff filed suit against Sterling Homes, Inc. of Lafayette, Inc. (Sterling) and Eagle Housing, Inc. (Eagle) seeking to rescind the sale of the mobile home and a return of the purchase price of $22,560, plus all damages incurred and attorney fees. Alternatively, plaintiff prayed for a reduction of the purchase price, specific performance on the warranties issued by defendants, damages and attorney fees.
After a trial on the merits, the trial court granted judgment in favor of plaintiff and against Eagle in the amount of $22,560, less a credit of $10,725 for the use of the trailer, the amount of $10,000 in damages, $2,230 in attorney fees, and interest on the damages and attorney fees from the date of judicial demand. Further, the trial court granted judgment in favor of Sterling for full indemnification to the plaintiff plus attorney fees in the amount of $2,230, together with interest thereon. It is from this judgment that Eagle appeals.
We first address Eagle's contention that the "Trial court erred in finding that the standards of the National Mobile Home Construction and Safety Standards Act, 42 U.S.C. 5401 et seq., and Federal regulations promulgated pursuant thereto and plaintiff's alteration of the mobile home were irrelevant in determining whether the mobile home was defective."
Eagle urges that the trial judge could not have considered the applicable HUD regulations or the fact that plaintiff physically altered his home by adding skirting and a porch when making his decision since a consideration of these two factors could lead only to one conclusion ... judgment in favor of Eagle. We disagree.
Section 911.23(F) of the Uniform Standards Code for Mobile Homes and Manufactured Housing, La.R.S. 51:911-23(F) was added by Act 654 of the 1986 legislative session and provides as follows:
"In any redhibitory action brought against the seller of a manufactured home or mobile home, the standards set forth in the Code shall be considered in establishing whether or not a defect exists."
Thus, a court, when determining whether a mobile home is redhibitorily defective must consider certain standards set forth in the "Code."
Eagle urges that once a home is built in accordance with the standards set out in the "Code," then it can never be found to be redhibitorily defective. However, as correctly stated by counsel for plaintiff in his appellate brief, this is a very narrow interpretation of La.R.S. 51:911-23(F). We find that the correct interpretation of the statute was stated by Mr. Dave Aymonds, *550 an inspector for the State Fire Marshall's office. Aymonds testified that the HUD regulations are regulatory of the end-result or finished product and not the method by which the mobile homes are to be constructed. This is important when considering the fact that the mobile home has severe water damage which is attributable to either water leaks or condensation. Aymonds stated unequivocably that if either of these two conditions are present, it is in itself a violation of the standards. Moreover, Aymond testified that upon inspection of the mobile home, he found it to be in a condition which is substandard under the regulations.
Further support that the Federal regulations were properly considered can be found in the testimony of Mr. Dan Baird, an expert in Housing and Urban Development regulations. Baird opined that the water damage to plaintiff's home was most likely due to condensation and that a home manufactured to HUD standards should not condensate.
With respect to Eagle's contention that the trial judge did not consider the fact that plaintiff's alterations to the mobile home caused the defects, we find no merit. Plaintiff unequivocally testified several times at trial that the water problems developed very shortly after the trailer was purchased and have continued to date. There is no evidence in the record that these problems began occurring after the skirting or porch was added. Thus, we find that there is ample evidence to support the trial judge's findings with respect to this issue.
In Eagle's second and third assignments of error, it urges that the trial court erred in basing an award of redhibition in part on a dip in the floor of the mobile home which was apparent at the time of purchase and that the trial court erred in basing redhibition in part on a faulty attempt at repair of a window rather than a defect existing at the time of sale. While we are aware that the trial court did mention these two factors in its written reasons for judgment, we find that redhibition is still proper. As correctly mentioned by counsel for plaintiff in his appellate brief, these were not the only defects which the district judge relied upon, and in fact, were not the major defects which plaintiff relied upon at trial, thus, its mere mention by the district judge in his reasons for ruling does not change the import of his ruling that this trailer had sufficient redhibitory vices to allow an award of redhibition. Thus, we will not disturb the District Court's findings with respect to this issue on appeal.
In Eagle's fourth assignment of error, it urges that the trial court erred in awarding redhibition on the basis of minor defects, defects which had been repaired prior to suit and defects which had existed for years without tender for repair, notice, demand or suit being filed. We disagree.
The district judge based his redhibition finding on the testimony of plaintiff, the testimony of the experts in this case and on an inspection of the mobile home personally. The district judge found major defects in the mobile home prior to suit as well as several minor defects. As previously stated, we find that when considered as a whole, this mobile home had such a number of severe defects that the finding of redhibition by the district judge was proper. Thus, we find no merit in this contention.
In Eagle's fifth assignment of error, it urges that the trial court erred in failing to allow a set-off for damages to the mobile home caused by plaintiffs by adding a skirt and porch to the home. We disagree.
The district judge, by not making any specific allowance for a set-off for damages, obviously felt that the addition of skirting and porch attachments did not cause damages to the mobile home. After viewing the mobile home personally, he obviously felt that the water leaks or condensation were the cause of the damage and that the defective conditions existing in the trailer were not caused by plaintiff's actions but instead by the manner in which the mobile home was designed and constructed. We find that there is ample evidence in the record to support such a finding. Thus, this assignment of error is without merit.
In Eagle's sixth assignment of error, it asserts that the trial court erred in *551 failing to honor a stipulation of counsel as to fair rental value of the mobile home or to allow testimony concerning fair rental value. We disagree.
With respect to the testimony on fair rental value, we find that the trial court properly refused to admit such evidence because the identity of the witness who was to testify on the subject was not revealed to plaintiff pursuant to a pre-trial order requiring the parties to list all prospective witnesses. The admission of such testimony would have undoubtedly prejudiced plaintiff. With respect to the stipulation, we find that the trial court properly refused to consider the alleged stipulation. A stipulation as to fair rental value was never signed by both counsel, filed in the record, announced in open court, or taken down by the court reporter. There is simply no evidence in the record that the two parties actually agreed to the stipulation. Thus, we conclude that the trial court did not err in refusing to honor such stipulation.
In Eagle's final assignment of error, it contends that the trial court erred in awarding attorney fees to Sterling Homes. We disagree.
Despite the fact that Eagle contends that Sterling's third party demand reveals no claim of attorney fees, the third party demand filed by Sterling clearly asserts a claim for attorney fees. The prayer for relief reads as follows:
"Wherefore, Sterling Homes, Inc. of Lafayette, defendant herein, prays that there be judgment in its favor and against petitioner, Robert Bott, plaintiff dismissing his suit at plaintiff's costs. Sterling Homes, Inc. of Lafayette assuming the position of third party plaintiff, further prays that [sic] the said co-defendant, Eagle Housing, Inc. be duly cited to appear and answer this demand and that they be served with a copy of the same and with a copy of the original petition on file herein, and that there be judgment herein in favor of Sterling Homes, Inc. of Lafayette, third party defendant, for such damages as may be incurred by the third party plaintiff as a result of the principle demand of Robert Bott, and for all costs of this proceeding, including attorney's fees and interest from date of judicial demand."
With respect to Eagle's contention that since Sterling is not actively engaged in business, it therefore is not entitled to an attorney fee award, we find no merit. Mr. Thomas Daley, counsel for Sterling, appeared for Sterling throughout the entire trial. To suggest that Sterling had no obligation to defend the lawsuit and/or protect the interest of its corporation and shareholders is ludicrous. Since Sterling was in good faith, it is entitled to be indemnified by Eagle for the redhibitory claim asserted by Bott against it. Sterling also has the right to recover attorney fees from Eagle. Riche v. Krestview Mobile Homes, Inc., 375 So.2d 133 (La.App. 3rd Cir.1979).
Counsel for plaintiff, in his appellate brief requests this court to modify the actual award of the trial court. However, plaintiff did not appeal or answer the appeal. Thus, his argument contained in his brief with respect to these requested modifications cannot be considered. Kel-Kan Inv. Corp. v. Village of Greenwood, 418 So.2d 669 (La.App. 2nd Cir.1982), reversed on other grounds, 428 So.2d 401 (La.1983).
Accordingly, for the reasons assigned, the judgment of the district court is affirmed. All costs are assessed to defendant/appellant.
AFFIRMED.