KING, Judge.
The sole issue presented by this appeal is whether the trial court was correct in granting plaintiff’s motion for summary judgment.
American Security Bank of Ville Platte (hereinafter plaintiff) filed suit against Stacy M. Deshotel (hereinafter defendant) seeking judgment for the balance owed on a promissory note, together with interest and attorney’s fees. Defendant filed an answer of general denial. On January 26, 1988, plaintiff filed a motion for summary judgment, attaching a copy of the note and loan disclosure statement signed by defendant and an affidavit as to the correctness of the amount owed. The plaintiff’s motion for summary judgment was fixed for hearing on February 25, 1988. Defendant filed a supplemental and amending answer and third party petition on February 23, 1988, making a third party demand against First Assurance Life of America (hereinafter First Assurance) for damages and for the amount owed by him to plaintiff which allegedly should have been paid under the terms of a credit disability policy issued through plaintiff, as agent of First Assurance, in connection with plaintiff’s loan tó defendant. On February 25,1988, the trial court granted plaintiff’s motion for summary judgment and rendered judgment in favor of plaintiff and against defendant for $2,343.37, interest, attorney's fees, and all costs of the proceedings. A formal written judgment was signed. Defendant timely filed a motion for devolutive appeal in for-ma pauperis. We reverse and remand the case for trial on the merits.
FACTS
Defendant borrowed $2,331.85 from plaintiff on May 1, 1987. The $2,331.85 represented $2,150.00 given by plaintiff to defendant, $5.00 paid to plaintiff for a coupon book, and the amounts of $70.18, for credit life insurance, and $106.67, for credit disability insurance, for insurance coverage of the loan. The finance charge on the *378 loan was pre-computed over a thirty month period and totalled $475.25, making the total amount of the principal and pre-comput-ed interest to be repaid the sum of $2,807.10. The terms of this loan disclosure statement provided for defendant to repay the loan and pre-computed interest in thirty equal monthly installments of $93.57 each, commencing June 1, 1987. Defendant signed a promissory note and the loan disclosure statement on May 1, 1987 to evidence the indebtedness and installment payment terms. Credit insurance was not required to obtain the loan, but defendant voluntarily agreed to pay plaintiff the extra cost for obtaining credit life and credit disability insurance. These policies were allegedly obtained by plaintiff through First Assurance. The note signed by defendant also provided for reasonable attorney’s fees of not less than 25% of the amount owed and for simple interest on $2,331.85, the principal amount of the note, at the rate of 14.9% from the date of the note. The note also contained an acceleration clause which provided that the entire unpaid principal balance would become immediately payable, at the option of the plaintiff, upon defendant’s failure to pay any monthly installment. The loan disclosure statement, of which the note was a part, provided for an annual percentage rate of interest of 14.89%.
Defendant made five monthly installment payments of $93.57 each to plaintiff, totalling $467.85, and was current in the monthly payments on his note until November 1, 1987. Then he claims that he was injured, became disabled, and could not make his monthly payments, leaving a balance of $2,339.25 owing on the principal and pre-computed interest on his note.
Plaintiff filed suit on the note on January 8,1988, alleging that defendant owed plaintiff $2,343.37 with interest at the rate of 14.89% from January 4, 1988, until paid, ánd 25% additional on the principal and interest owed as attorney’s fees and for all costs of suit. Defendant’s original answer was a general denial of all allegations of plaintiff’s petition. On January 26, 1988, plaintiff filed a motion for summary judgment, attaching a copy of the promissory note and loan disclosure statement and an affidavit of indebtedness to prove that there was no genuine issue as to material fact and that plaintiff was entitled to judgment as a matter of law.
On February 23, 1988, defendant filed a first supplementing and amending answer and third party demand. Defendant alleged that third party defendant, First Assurance, was liable for payment of his note under a credit disability policy, bearing Policy Number 218052, which was issued by First Assurance, through plaintiff as its agent, in connection with the note. Defendant also claims that he utilized proof of loss forms supplied by plaintiff and First Assurance in seeking to obtain payment of the monthly installments on his note after his disability. None of these proofs of loss, allegedly supplied by plaintiff and First Assurance, were submitted with the opposition to the plaintiff's motion for summary judgment.
Defendant also timely filed an affidavit and opposition to plaintiff’s motion for summary judgment, contending that there were disputed material facts which would preclude the granting of plaintiff’s motion for summary judgment. In his affidavit defendant specifically disputed that the sum of $2,343.37, together with interest of 14.89% from January 4, 1988, until paid, was owed and claimed that plaintiff had not given proper credit for his installment payments on the note.
On March 9, 1988, the trial court rendered summary judgment in favor of the plaintiff and against defendant for $2,343.37, together with interest of 14.89% from January 4, 1988, until paid, 25% additional on the amount of principal and interest owed as attorney’s fees, and for all court costs.
LAW
The criteria recognized by the Louisiana Supreme Court to determine whether to grant a motion for summary judgment was discussed by this Court in Eldridge v. Bonanza Family Restaurant, 542 So.2d 1146 (La.App. 3 Cir.1989), where we stated:
*379 “La. C.C.P. art. 966 provides that any party may move for a summary judgment at any time, and the mover is entitled to summary judgment in his favor if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits.
To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated.” (Citations omitted.) Eldridge v. Bonanza Family Restaurant, 542 So.2d 1146, at pages 1148-1149 (La.App. 3 Cir.1989).
Plaintiffs affidavit of correctness of amount owed, filed with its motion for summary judgment, stated that the amount defendant owed was "... TWO THOUSAND THREE HUNDRED FORTY THREE AND 37/100 ($2,343.37) DOLLARS, plus interest through January 4, 1988, thereafter interest at the rate of 14.89% from January 4, 1988, until paid ... ”. Defendant’s affidavit, filed with his opposition to the motion for summary judgment, denied the correctness of this amount. Defendant argues that the original principal amount of the promissory note he signed was for $2,331.85 and did not include the pre-computed finance charge of $475.25 for thirty months, which two sums totaled the amount of $2,807.10 to be repaid by 30 equal monthly installments of $93.57. Defendant pointed out in his opposition that he had paid five installments of $93.57 each, or $467.85, and that when this was subtracted from the total amount of principal and pre-computed interest to be repaid the balance owing on the total amount to be repaid would only be $2,339.25 ($2,331.85 + $475.25 = $2,807.10 — $467.85 = $2,339.25), which was not the amount plaintiff was suing for and claiming. Defendant further argued that the amount sued for was $4.12 more than the total of the principal and pre-computed interest he owed as of November 1, 1987 ($2,343.37 - $2,339.25 = $4.12) since the five monthly payments he had made, commencing on June 1, 1987, would have paid the installments on the note current as of November 1, 1987. Plaintiff argues that the additional $4.12 represents interest owed for November 1, 1987 to January 4, 1988 and, in any event, is insignificant and should not prevent the granting of its motion for summary judgment since defendant admits in his affidavit to owing a balance of $2,339.25.
The promissory note provides for simple interest of 14.9% on the original principal amount of $2,331.85 from the date of the note, May 1, 1987. Thus, if there was a principal balance outstanding on November 1, 1987, interest would only be owed under the terms of the note on that outstanding principal balance from that date, until paid, rather than on the outstanding principal balance and the outstanding balance of pre-computed interest, from January 4, 1988. Plaintiff is seeking a judgment on the total principal balance owed and on the total of pre-computed interest not yet owed, as it was pre-computed through November 1, 1989, and also seeks interest on this principal and pre-computed interest from January 4, 1988. To grant the judgment plaintiff seeks would permit the charging of interest on interest which is illegal. We further note that the loan disclosure statement and the promissory note, which were combined in one printed form, provide for two different rates of interest, one for 14.9% and the other for 14.89%.
In this case, we find there is a genuine issue of substantial material fact as to the amount of the principal balance owed *380 and as to the amount and the date from which interest is owed. That the amounts might be negligible does not alter the fact that there is a substantial material dispute of fact. For this reason we find that the trial court was manifestly erroneous and clearly wrong in granting plaintiffs motion for summary judgment. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
For the reasons assigned, the judgment of the trial court is reversed, vacated and set aside. The case is remanded to the trial court for further proceedings. All costs of this appeal are taxed to plaintiff-appellee.
REVERSED AND REMANDED.