WILLIAM A. CULPEPPER, Judge Pro Tem.
Plaintiff, as holder, sought judgment for the balance of $37,934.00 owed on a promissory note made by defendants for the purchase of a mobile home. Defendants filed a motion for summary judgment based on res judicata. The trial court held that even though plaintiff was not a party to the prior suit, it is, as assignee of the note, an ayant cause and is considered the same party. The trial judge granted summary judgment. Plaintiff appealed.
On July 16, 1981, defendants, Robert Bott and Sheila A. Boudreaux, purchased a mobile home from Sterling Mobile Homes, Inc. for a price of $25,432.00, including sales tax. Defendants made a $5,000.00 down payment and financed the balance for fifteen years at 13.99% interest through Dixie Savings and Loan Association, which later changed its name to Landmark Savings Bank, S.S.B. In conjunction with the purchase of the mobile home, defendants executed a chattel mortgage and a promissory note for the full sum of $50,758.20, which included pre-computed interest. Sterling assigned the note and mortgage to plaintiff.
Defendants lived in the mobile home for several years before filing a redhibitory action against Sterling and the manufacturer seeking rescission of the sale and return of the purchase price, interest paid, and *588 attorney’s fees. After a trial on the merits, judgment was rendered in favor of defendants for $21,835.00 plus $2,230.00 for attorney’s fees. The trial court’s judgment was affirmed by this court in Bott v. Sterling Homes, Inc. of Lafayette, 527 So.2d 548 (La.App. 3 Cir.1988).
Plaintiff was never made a party to the previous litigation although it held the mortgage and note by assignment. After the above judgment became final, plaintiff filed the instant suit against defendants seeking judgment for the balance due on the promissory note, together with interest and attorney’s fees. Defendants filed a motion for summary judgment based on res judicata.
As required by 16 C.F.R. § 433, the note contained the following language:
“Notice: Any holder of this note and the consumer credit contract identified herewith is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by debtor shall not exceed amounts paid by the debtor hereunder.” (Emphasis added.)
In written reasons for judgment, the trial judge found that, under the above quoted clause, plaintiff is not a holder in due course, since it is subject to defenses available to the debtor against the seller. The court then held:
“In order for the prior judgment to be res judicata, it is necessary that the thing demanded be the same, the cause of action be the same and the parties be the same. La.R.S. 13:4231; Welch v. Crown Zellerbach, 359 So.2d 154 (La.1978). Landmark argues that because it was not a party to the prior suit that the prior judgment cannot be res judicata to its claim. The Court disagrees with Landmark’s argument.
Under Louisiana civil law, Landmark is an ayant cause, or one to whom a right has been assigned, either by will, gift, sale, exchange or the like; an assignee. Dornack v. Lafayette General Hospital, 399 So.2d 168 (La.1981); R.G. Claitor’s Realty v. Juban, 391 So.2d 394 (La.1980); Hebert v. Melancon, 368 So.2d 1198 (La.App. 3rd Cir.1979).
As the assignee, Landmark presently owns the right to enforce the promissory note. Under the terms of the note, Landmark’s rights to enforce the note are subject to the same defenses the buyer may assert against the seller (and original holder of the note), Sterling Homes. Therefore, Landmark's right to enforce the note is limited to the right Sterling would have to enforce the note. Clearly, due to the prior adjudication rescinding the sale, Sterling would no longer have the right to enforce the note if it were still the holder of the note. As the ay-ant cause or assignee of the promissory note, Landmark possesses no more rights than does Sterling.
For purposes of the plea of res judica-ta, an ayant cause is considered as the same party involved in the previous litigation. Hebert v. Melancon, supra. The Court finds that the prior adjudication constitutes res judicata as to Landmark’s claim on the note ...”
On appeal,- plaintiff argues that the trial court failed to consider the last sentence in the above quoted “Notice” printed on the note, which sentence states: “Recovery hereunder by debtor shall not exceed amounts paid by the debtor hereunder.” Plaintiff contends that, in the prior suit, Bott received not only what he paid but also what plaintiff paid and, in addition, retained the mobile home. Plaintiff argues defendants were unjustly enriched at its expense.
The note clearly states that the holder is subject to defenses which could be urged by the debtor only to the extent of the amount paid by the debtor pursuant to the consumer credit contract and the note. Plaintiff is not subject to these defenses for any amounts due on the note over and above the amount defendants paid.
Under the doctrine of ayant cause, as applied to res judicata, plaintiff may be considered the same person as the seller, Sterling, to the extent of payments made by defendants. However, as to any amounts due on the note over and above *589 amounts paid by defendants under the consumer credit contract and the note, plaintiff may be a holder in due course, not subject to defenses which could be urged by the debtor against the seller. Although we find no case which partially applies ayant cause, this solution is required here. It is an equitable solution which protects both the rights of the consumer credit purchaser to the extent of his actual payments and the rights of a holder in due course of the note to the extent that it is such a holder. We wish to make it clear that we do not hold on this appeal of a summary judgment whether plaintiff is a holder in due course to any extent. There may be other evidence on this issue in the event of a trial on the merits.
There is a question as to whether the record before us shows the amount paid by defendants on the note. Plaintiff alleges a balance of $37,934.00 due on the note, subject to a rebate of $5,738.00. The note provides a rebate upon payment in full or acceleration of maturity. If we consider $37,934.00 as the amount due by defendants on the note in the sum of $50,758.00, this would mean that defendants paid $12,-823.00. We must also add the $5,000.00 cash paid by defendants under the consumer credit contract, making a total of $17,-823.00 paid by defendants under the contract and the note.
However, it is questionable whether the record supports $17,823.00 as the amount paid by defendants. We note that, in the trial judge’s written reasons in the present case, he states the purchase price of the mobile home was $22,560.00, but the consumer credit contract shows a price of $25,-432.00 including sales tax. This may need clarification. Moreover, the written reasons by the trial judge in the prior suit, Bott v. Sterling, awarded $22,560.00 (apparently the purchase price) less $10,725.00 for use of the mobile home, plus $10,000.00 damages and $2,230.00 attorney’s fees. However, the final signed judgment awards defendants only $21,835.00 plus $2,230.00 attorney’s fees. We cannot ascertain what this $21,835.00 included. We tried to compute the amount paid by defendants using the installment payments on the note. The note, dated July 16, 1981, provides monthly payments of $281.91 beginning September 1, 1981, and continuing for 180 months. However, the record before us does not show exactly how many installments were paid.
Plaintiff argues there is an issue of fact as to the amount paid by the defendants, and that in a trial on the merits it can prove that amount.
La.C.C.P. art. 966 provides that any party may move for a summary judgment at any time and the mover is entitled to a summary judgment in his favor if the pleadings, depositions, answers to the interrogatories, and admissions of file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of a trial on the merits. American Sec. Bank v. Deshotel, 548 So.2d 377 (La.App. 3 Cir.1989), citing Eldridge v. Bonanza Family Restaurant, 542 So.2d 1146 (La.App. 3 Cir.1989).
In the present case, we conclude there is a genuine issue of fact as to the amount paid by the defendants under the consumer credit contract and the note. This issue is material to a determination of the amount plaintiff can recover from defendants. Therefore, summary judgment is not appropriate.
For the reasons assigned, the judgment appealed is reversed and this case is remanded to the trial court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against defendants-ap-pellees.
REVERSED AND REMANDED.